### UNITED STATES of America, Plaintiff-Appellee,

v.

### Allen HENKEL, Defendant-Appellant.

#### No. 85–2008.

United States Court of Appeals, Seventh Circuit.

Argued May 5, 1986.

Decided Aug. 26, 1986.

Rehearing and Rehearing En Banc Denied Nov. 18, 1986.

David P. Lowe, Milwaukee, Wis., for defendant-appellant.

Jan E. Kearny, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before BAUER, POSNER and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

The defendant, Allen Henkel, appeals from a jury conviction for violation of 18 U.S.C. § 1341 (mail fraud). Henkel was sentenced to a term of five years. He claims that he was denied his right to counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and denied both due process and his Sixth Amendment right to counsel. We affirm his conviction.

The problem arose when Henkel's attorney attempted to avoid assisting in the presentation of perjured testimony while not explicitly informing the court of that

---

fact. The duty of counsel faced with this dilemma was not as clearly described at the time of this confrontation as it is today. Since then, the Supreme Court in *Nix v. Whiteside,* —— U.S. ——, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) re-affirmed the duty of counsel not to participate in perjury and also approved an explicit statement to the court of the fact that perjury is about to be committed.

In short, the duty of attorney-client privilege silence is relieved when such silence would result in false testimony being presented. The approval of explicitly revealing proposed perjury is without doubt a tacit recognition that all more subtle methods of conveying the reasons for an attorney's request to be relieved of further duty when the client elects to testify have failed to keep the reason a secret. That was certainly true in the present case.

Here counsel had a relatively long standing knowledge of the defendant. He had represented Henkel in the course of three prior trials; two trials ended in acquittals and the last ended in a hung jury. This case is the re-trial of that mistrial.

The trial proceeded without noticeable problems until after both sides had rested and were about to begin closing argument. At that time, counsel for the defense informed the court that Henkel, against his advice, wished to take the stand and testify. The court granted leave to re-open at which time counsel moved to withdraw saying he could not "professionally ... proceed."

Coming at the time and manner in which it did, the motion to withdraw had only one reasonable predicate. Indeed, an attorney's motion to withdraw at such a tell-tale juncture has been found to be alone enough to inform the finder of fact that the defendant intends perjury. *Lowery v. Cardwell,* 575 F.2d 727 (9th Circuit, 1978).

If the timing and counsel suggesting the "professional" problem were not enough, the court then commended counsel for not "participat[ing] in any lies the client may wish to engage in," and stated that "I assume he just doesn't think the testimony would be honest."

Far from contradicting these statements of the court, the defendant asked only to confer with counsel. He did. Later, he again expressed his desire to testify and counsel asked leave to withdraw and for appointment of new counsel. The court denied leave to withdraw but offered Henkel an opportunity to testify without an attorney to guide him.

The defendant refused the offer of uncounseled testimony at which time, counsel moved for a mistrial, the appointment of new counsel, and relief from his own representation of Henkel. All motions were denied, and the case continued to the verdict and sentence.

No possible reading of the events described can lead to any conclusion other than that reached by the trial judge; the defense attorney knew that the defendant was proposing to commit perjury. It is hard to conceive of how he could have made this fact more painfully obvious.

Since the defendant was entitled only to ethical representation and had no right to commit perjury or have an attorney appointed to assist him in this endeavor, his conviction was without error. It is therefore,

AFFIRMED.