**A SEALED CASE.**

**Nos. 89–2726, 89–2750.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 20, 1989.

Decided Nov. 20, 1989.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

The law firm representing a defendant in a suit involving sexual harassment asked the district court to permit it to withdraw. Because explanation required disclosure of communications from its client, the presiding judge referred the request to another member of the court, who referred it to a magistrate in turn. Proceedings in the district court and this court have been conducted under seal to prevent the disclosure of confidences.

The law firm believes that its client will commit perjury. This fear is well-founded.

On a subject material to the case, the defendant said one thing at his deposition and told his lawyers the opposite orally. Before the magistrate the defendant explained the contradiction by saying that he was simply offering to agree with part of the plaintiff's version if that would help— which the magistrate took as a confession of willingness to lie when expedient, although not a confession to the particular falsehood of which counsel suspect him. On a collateral matter the defendant lied at a deposition in another case; the defendant also threatened to testify falsely on a third subject unless his employer offered more to settle the litigation. The law firm believes that it cannot trust any of its client's testimony and that to put him on the stand would violate a duty to the court, while to prevent the defendant from testifying would violate a duty to the client. It asked the court for leave to withdraw.

Magistrate Weisberg recommended that the court deny the motion, because the firm could not know that the client would testify falsely in all respects, and it could refrain from opening up the subjects that it was confident would produce falsehoods. The magistrate thought that the age of the case (more than two years) counseled against letting the firm withdraw; if it did, the magistrate concluded, the client would be forced to proceed without counsel. Judge Bua entered an order providing that the magistrate's report is "adopted in its entirety" by the court.

On a motion to reconsider, the district judge allowed oral argument. This time he repudiated the magistrate's report. Although the magistrate found that the request to withdraw is unrelated to the fact that the firm has not been paid since mid–1988 (and claims it is owed more than $100,000), the judge said that the magistrate undoubtedly recommended denial of the motion only because of the dispute about unpaid fees. He continued:

> ... There is no question in my mind—I can tell you, I would allow you to withdraw when you came before me and set it down for a hearing, okay. And I can't believe the magistrate wouldn't allow you to withdraw if there were no fee question.
>
> Do you really believe that if you appeared before Magistrate Weisberg, saying, Judge, we just—we have a dilemma, an ethical dilemma. We have $100,000 coming. And we are going to waive that hundred thousand dollar fee. Let us out of this case—that he, in a minute, he would say, motion granted, or make that recommendation of you. I can tell you that I was prepared to do it. And I am prepared to do it now. You tell me, we will waive our fee. You are out of the case.

Unwilling to pay this price to escape an ethical dilemma, the law firm filed a notice of appeal and a petition for a writ of mandamus.

Whether an attorney held in a case against his will may appeal is a tough question. *Conticommodity Services, Inc. v. Ragan*, 826 F.2d 600 (7th Cir.1987). The order to render unwilling services is like an injunction, but many orders "to do"—such as a directive to search files and turn over documents, or to draw up plans in desegregation cases—are not injunctions because they have nothing to do with the relief in the main case. *In re City of Springfield*, 818 F.2d 565, 567–68 (7th Cir.1987). Rulings on the disqualification of counsel, whether granted or denied, are not immediately appealable, e.g., *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), but this is so in part because errors in such matters may be grounds for reversal. It is easier to portray compulsion to render services as an appealable "collateral order" because dragooning counsel to represent a client is not likely to produce reversal.

We need not decide whether an appeal lies. Bypassing all questions concerning appellate jurisdiction, *Ragan* issued a writ of mandamus, concluding that ordering a lawyer to represent a nominal party to civil litigation exceeded the court's power. Lately the Supreme Court approved the use of mandamus to contest an involuntary civil appointment. *Mallard v. United States District Court*, —— U.S. ——, 109 S.Ct.

1814, 1822, 104 L.Ed.2d 318 (1989). That writ is available when the district judge exceeds his authority by compelling counsel to render involuntary services, which was true in *Ragan,* was true in *Mallard,* and is true here.

■ We take at face value the representation of the district judge that he was "prepared to do it"—that is, to allow the law firm to withdraw, if the firm would but waive any claim for payment. That must mean that, in the district judge's view, the interests of justice do not require the further participation of this law firm. If that be so, then the dispute about fees does not require the firm to continue as counsel. An unresolved dispute about compensation does not make the firm indispensable to the litigation and surely will not make the lawyer a more diligent advocate. Once the judge concluded that the firm's presence was not essential to the administration of justice, he should have released it.

■ Fees are matters of contract, and unless the fee is so exorbitant that its collection offends Disciplinary Rule 2–106(A) of the Code of Professional Responsibility, disputes about them are resolved under that body of law. *United States v. Vague,* 697 F.2d 805 (7th Cir.1983). A last-minute threat to pull out, coupled with an assertion of an attorney's lien on the files essential to the litigation, could induce a client to pay a bill that state law would not permit a lawyer to collect. Judges may prevent such opportunistic conduct by requiring counsel to continue the representation and press their claim to fees after the conclusion of the case. Magistrate Weisberg saw no risk that the law firm was trumping up ethical arguments in order to extract fees that could not be collected under the law of contract; Judge Bua did not identify any evidence suggesting that this is the firm's aim. Federal judges may not interdict collection when state law would permit the firm to recover; still less may they make off-the-cuff demands that lawyers surrender even a claim to additional fees as the price of avoiding ethical conundrums. If the firm's bills are legitimate, it is entitled to payment whether or not its client bids fair to lie on the stand; if the bills are excessive, the client is entitled to resist payment and keep the firm's assistance too. Cf. *Vague,* 697 F.2d at 807 (appropriate remedy for excessive fee is reference to disciplinary committee or prosecutorial authorities); Canon 3.B(3) of the Code of Conduct for United States Judges. No rule of ethics, no rule of contract law, permits a judge to link non-payment to the resolution of the ethical controversy. Perjurers who are also deadbeats cannot put law firms to the choice between their conscience and their wallet.

■ Magistrate Weisberg's careful opinion gives a better reason to hold counsel in the case, but as Judge Bua has repudiated the magistrate's views we cannot say that they supply the basis of decision and then apply the abuse-of-discretion standard that usually governs. *Ohntrup v. Firearms Center, Inc.,* 802 F.2d 676, 679 (3d Cir. 1986). Even if the magistrate's views represented the district court's considered judgment, they would be insufficient. Magistrate Weisberg pointed out that the Northern District of Illinois has not adopted the ABA's Model Rules of Professional Conduct. Disciplinary Rule 7–102(A) of the Code of Professional Responsibility, still in force, requires the lawyer to avoid using false testimony or assisting the client "in conduct that the lawyer knows to be illegal or fraudulent". Counsel "knows" only about two falsehoods and can steer clear of them, the magistrate thought; counsel suspects, but does not "know", that the rest of the story is a fabrication. So counsel operating under the Code can render representation. As we see things, however, whether the rules of ethics *require* a lawyer to withdraw (or reveal to the tribunal the apparent perjury) is independent of whether the court should *permit* the firm to withdraw. Only the latter requires our decision.

*Nix v. Whiteside,* 475 U.S. 157, 170, 106 S.Ct. 988, 995, 89 L.Ed.2d 123 (1986), observes that Disciplinary Rule 2–110(B) and (C) permits a lawyer to withdraw "when the client threatens to commit perjury". *Nix* held that a threat to withdraw in a

criminal case, which led the defendant to retreat from his plan to lie, did not deprive the defendant of his right to counsel. See also *United States v. Henkel,* 799 F.2d 369 (7th Cir.1987). Parties in civil cases have no equivalent right to counsel at the expense of another—whether of the public or of an unwilling lawyer. *Mallard; Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). No matter what the ethical rules *compel* counsel to do, the lawyer *may* withdraw from the representation of a civil litigant in order not to participate in the presentation of a false picture to the tribunal. Magistrate Weisberg found that the firm's concerns about its client's veracity were well-grounded, and Judge Bua agreed. The only suggestion that the administration of justice nonetheless requires the firm's presence is the magistrate's observation that withdrawal will leave the defendant unrepresented. If so, that consequence lies on the defendant's head. Systemic interests are best served by remitting such litigants to their own devices rather than by forcing lawyers to put both their reputations and their treasury at the disposal of reprobates.

Counsel's motion for leave to withdraw should have been granted. An appropriate writ of mandamus will issue.