**Rabb Ra CHAKA, Plaintiff–Appellant,**

v.

**Michael P. LANE, et al., Defendants–Appellees.**

No. 89–3151.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 4, 1990.

Decided Feb. 1, 1990.

Before FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Rabb Ra Chaka wants $100 billion on account of asbestos in the air of his prison. He has so far suffered no harm, and the defendants deny that there is ambient asbestos, but Chaka fears the worst and filed suit under 42 U.S.C. § 1983. On February 28, 1989, the district court dismissed the complaint "subject to reinstatement should [Chaka] file an amended complaint by March 31, 1989 showing some personal injury ... caused by defendants." Instead of filing an amended complaint, Chaka filed a notice of appeal, which we dismissed for want of a final judgment.

Judge Nordberg entered a document on September 14, 1989, providing: "IT IS ORDERED AND ADJUDGED Judgment is issued on this case so that plaintiff may proceed with his appeal." A judgment saying that "judgment is issued" is not apt; judgments must specify *what* is being

done—not *why* something is being done—and a judgment referring only to its own entry is circular. Cf. *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir.1987); *Foremost Sales Promotions, Inc. v. Director, BATF*, 812 F.2d 1044 (7th Cir.1987). Still, given *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the document is enough. The record as a whole shows that the district court regards the case as over; Chaka has lost outright and may appeal.

Speedway Wrecking Company, one of the appellees, nonetheless asks us to dismiss this appeal, too, on the ground that Chaka's notice of appeal is defective. Plainly it is, in part. The caption in the notice identifies "RABB RA CHAKA, et al." as the appellants, but the body identifies only Chaka. Under *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), this brings up Chaka's case only. Then there is a problem of dates. Fed.R.App.P. 3(c) provides:

> The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.

Chaka's notice of appeal says that he seeks review of "the Order of the United States District Court for the Northern District of Illinois, entered in this cause on February 28, 1989." This is the order that we held not final when dismissing Chaka's first appeal. Speedway insists that the failure to identify the judgment of September 14, 1989, is fatal given the requirement of Rule 3(c) that the notice of appeal "designate the judgment, order or part thereof appealed from".

Before *Torres* we held that misspecification of the date of judgment in a notice of appeal affects this court's jurisdiction only if the defect misleads the appellee. *Cardoza v. CFTC*, 768 F.2d 1542, 1545–47 (7th Cir.1985). We thought that substance prevails over form; if we can identify the judgment called into question, the notice is sufficient. The same reasoning led us to disregard imprecision in naming the appellants. *Hays v. Sony Corp.*, 847 F.2d 412, 414 (7th Cir.1988). *Torres* holds that at least the party clause to Rule 3(c) cannot be read so. Must we therefore revise our understanding of the second clause of Rule 3(c)? Two considerations argue for change: Rule 3(c) is a jurisdictional rule, and such rules must be read with exactitude, to produce simple decisions and predictable results; second, the final sentence of the rule, saying that an appeal shall not be dismissed for "informality of form or title of the notice", implies that it *shall* be dismissed for errors in the body. *Torres* used both of these points to support its interpretation of the party clause, 108 S.Ct. at 2408. Each applies to an error in identifying the judgment appealed from.

Yet these are not dispositive. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), holds that a notice of appeal naming the wrong order allows a court of appeals to hear the case. The notice in *Foman* identified the order denying a motion to amend the judgment, rather than the judgment itself. Naming one rather than the other, the Court thought, was a technical gaffe with no potential for confusion or prejudice. A motion to amend suspends the finality of a judgment; the order denying the motion is in a sense the "final decision" in the case (28 U.S.C. § 1291 speaks of appeals from "final decisions", not final judgments), so pointing to that order—the district court's last act—is functionally the same as pointing to the final judgment. Naming an interlocutory order that serves as the sole basis of the final judgment similarly is an obvious reference to the final judgment.

*Torres* did not overrule *Foman*. Although it construed *Foman* as finding that the particular notice of appeal complied with the rules, not as excusing noncompliance, see 108 S.Ct. 2408, the two come to the same thing when dealing with the second clause of Rule 3(c). Moreover, because there may be one or many appellees, but only one final judgment per case, it makes sense to treat the first two clauses of the Rule differently. Each losing party must

decide whether to appeal; some may press on while others quit. Because the single final judgment incorporates earlier interlocutory decisions, any notice of appeal necessarily brings up *the case* in a way a notice of appeal need not present all parties. Indeed, naming an interlocutory order as the thing appealed from increases the information available to the court and the adverse parties. Instead of having to prepare for an attack on every decision taken in the case, the appellees may concentrate on the single order to which the notice of appeal points.

After *Torres* we have continued to follow *Cardoza*, although without referring to the Court's decision. See *Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co.*, 883 F.2d 48, 49 n. 1 (7th Cir. 1989). So long as *Foman* stands, we shall continue to do so. When a notice of appeal specifies an interlocutory order that merged into the final decision, we shall treat it as limiting the appeal to questions raised by that order, to the exclusion of other possible decisions taken in the case. This not only gives force to the language of Rule 3(c) but also eliminates the possibility of prejudice to the appellees. It yields a simple rule that may be applied mechanically, valuable in any set of jurisdictional doctrines. *Osterneck v. Ernst & Whinney*, — U.S. ——, 109 S.Ct. 987, 992 n. 3, 103 L.Ed.2d 146 (1989); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988).

The motion to dismiss the appeal is denied, and the case shall proceed in the ordinary course, limited to Chaka's personal claims.