936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fabio DIAZ, Plaintiff-Appellant,
v.
Tammie B. TERRELL and Larry Wall, Defendants-Appellees.
 No. 89-2096.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 27, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se plaintiff Fabio Diaz filed a civil rights complaint alleging misconduct on the part of an Indianapolis police officer--defendant Tammie Terrell--and an employee of the Indianapolis office of the Immigration and Naturalization Service (INS)--defendant Larry Wall. The district court denied Diaz's request to proceed in forma pauperis (IFP) and dismissed the action as frivolous pursuant to 28 U.S.C. 1915(d). The court also dismissed without prejudice some pendant claims. We affirm.
 
 
 2
 Diaz is an inmate at the state penitentiary in Westville, Indiana. He alleges that on October 2, 1985, Terrell conducted an illegal search and seizure and that as a result Wall filed an INS detainer against Diaz while he was at Marion County Jail. Terrell then allegedly gave "faulty information" to support "unfounded charges for fraud and willfully [sic] misrepresentation against Diaz, which Wall used to support the detainer."
 
 
 3
 As to Terrell, the district court noted that it had rejected Diaz's same section 1983 claims against Terrell in an earlier action based on the statute of limitations. Diaz v. Terrell, No. IP88-216-C (S.D.Ind. June 2, 1988), aff'd, unpublished order No. 88-3470 (7th Cir. Feb. 23, 1990) (denying IFP on appeal; case dismissed as frivolous). Furthermore, the court noted that Diaz failed to allege any unconstitutional acts in connection with the probable cause determination upon which some state court charges were based. The court construed the complaint against Wall as a Bivens action alleging that Wall relied on Terrell's "faulty" information in obtaining the INS detainer. The court stated that this claim was also time-barred. Even if not time barred, the court noted that Wall did not act unreasonably in relying on a pending state criminal charge to lodge a detainer against Diaz. Finally the court declined to retain pendant jurisdiction over certain unspecified claims under Indiana law.
 
 
 4
 At the outset, the defendants have raised some questions regarding Diaz's notice of appeal filed on May 17, 1989. Terrell argues that Diaz did not file a timely appeal from the district court's order of February 15, 1989 denying IFP and can only challenge what the district court construed as a Fed.R.Civ.P. 60(b) motion--Diaz had called it a "Motion for Correct Judgment"--filed on February 28, 1989. In fact his motion was a timely motion to reconsider.
 
 
 5
 Under Fed.R.Civ.P. 59(e), a motion to amend a judgment must be filed no later than ten days after entry of the judgment. In this case, the district court's judgment of February 15 was not entered on the docket until February 22, 1989, making Diaz's motion six days later a timely motion to reconsider rather than a Rule 60(b) motion to reopen. See Fed.R.Civ.P. 58 and 79(a). As such, the time for appeal did not start running until the clerk of the district court entered on the docket sheet the district court's denial of this motion on April 13, 1989. One could argue that because the United States is a party to this action through INS agent Larry Wall, Diaz had sixty days from April 13 to file his appeal. See Fed.R.App.P. 4(a)(1); Wallace v. Chapelle, 637 F.2d 1345, 1348 (9th Cir.1981) (en banc ); but see Hare v. Hurwitz, 248 F.2d 458, 462 (2nd Cir.1957). Even if the U.S. was not a party, the district court found that Diaz delivered his notice of appeal to prison authorities on May 10, 1989. Therefore his notice of appeal, received from prison authorities on May 17, was within the 30 day time limit. See Houston v. Lack, 487 U.S. 266 (1988). His appeal can include consideration of not only the motion to reconsider but the underlying order as well. But this conclusion does not resolve the matter.
 
 
 6
 Terrell also contends that Diaz is only appealing from the denial of the "motion for correct judgment" on April 12 and the denial of his motion to file an amended complaint on April 24, 1989 because Diaz listed only these decisions in his notice of appeal. This argument fares better. In Cardoza v. CFTC, 768 F.2d 1542 (7th Cir.1985), this court held that misspecification of the date of the judgment appealed from in a notice of appeal affects this court's jurisdiction only if the defect misleads the appellee. Id. at 1545-47; Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 883 F.2d 48, 49 n. 1 (7th Cir.1989). More recently in Chaka v. Lane, 894 F.2d 923 (7th Cir.1990), this court restricted Cardoza in light of the Supreme Court's decision in Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988). We held that "[w]hen a notice of appeal specifies an interlocutory order that merged into the final decision, we shall treat it as limiting the appeal to questions raised by that order, to the exclusion of other possible decisions taken in the case." Chaka, 894 F.2d at 925. Therefore we conclude that while Diaz's notice of appeal is timely, we can address only the denial of his motion for correct judgment and motion to file an amended complaint.
 
 
 7
 Getting to the merits, we review the denial of Diaz's motion for correct judgment--which we construe as a motion to reconsider--for abuse of discretion. DeBruyne v. Equitable Life Assurance Soc., 920 F.2d 457, 470 (7th Cir.1990). We review the denial of the motion to amend the complaint under the same standard. Manor Healthcare Corp. v. Guzzo, 894 F.2d 919, 923 (7th Cir.1990). We hold that the repetitious claim against Terrell was barred by the doctrine of collateral estoppel. Terrell had raised these same issues against the same defendant in a prior suit and lost. He is entitled to only one bite at the apple.
 
 
 8
 As to the claims against Wells, we agree with the district court that Diaz's Bivens claim is barred by the statute of limitations. The statute of limitations under section 1983 and Bivens type actions is the same. McSurely v. Hutchinson, 823 F.2d 1002, 1005 (6th Cir.1987). To be timely, an action under section 1983 must be brought within the period of limitation applicable to personal injury actions in the state in which the action is brought. Garcia v. Wilson, 471 U.S. 261, 280 (1985). In Indiana, a plaintiff whose section 1983--or Bivens --cause of action accrued before the Wilson decision, April 17, 1985, must file suit within the shorter period of either five years from the date the action accrued or two years after Wilson. Loy v. Clamme, 804 F.2d 405, 408 (7th Cir.1986).
 
 
 9
 As the district court noted, Wall's alleged conduct most likely occurred in October 1985. Under Loy, he had to file suit by April 17, 1987; he did not file suit until January 18, 1989. This is beyond the period for bringing a Bivens action. Diaz's incarceration does not extend that period, because Indiana repealed a tolling provision for state prisoners in 1982. Ind.P.L. 200 Sec. 1 (1982) (repealing Ind.Code Sec. 34-1-67-1(6)). We also agree with the district court that on the merits Diaz's claim against Wall is frivolous because Wall relied on a pending state criminal charge to lodge a detainer and further Diaz failed to allege a violation of the Constitution or a federal statute.
 
 
 10
 For these reasons the district court did not err in denying Diaz's motion to reconsider or motion to file an amended complaint. These decisions and the dismissal of the case as frivolous pursuant to 1915(d) are
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record