940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David Anthony ZAVESKY, Plaintiff-Appellant,
v.
Town OF SCHERERVILLE, Schererville Police Department and
Donald E. Parker, Defendants-Appellees.
 No. 89-3568.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 17, 1991.*
Decided Aug. 8, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 David A. Zavesky appeals pro se from the judgment of the district court granting summary judgment in favor of the defendants and dismissing his action pursuant to 42 U.S.C. Sec. 1983. We affirm.
 
 I.
 
 2
 In October and November of 1984, a rash of burglaries occurred in Schererville, Indiana. Among the items reported stolen by various homeowners were a Schwinn "Le Tour" bicycle, golf clubs, a car stereo, hand and power tools, a gas grill, floor jack and a red, Toro snowblower. Defendant Donald E. Parker, a detective with the Schererville Police Department, was assigned to investigate the burglaries. On November 28, 1984, a confidential informant told Parker that Zavesky had told him he had stolen the Toro snowblower. On November 29, 1984, Parker followed Zavesky to a mini-storage warehouse where he saw Zavesky unload what appeared to be a red snowblower. Based on this information, Parker obtained a search warrant for the mini-storage warehouse.
 
 
 3
 On November 30, 1984 at 1:58 a.m., Parker and a fellow officer saw Zavesky's van parked near an isolated game refuge. They inspected the van, but it was empty. Later that morning at 4:09 a.m., a Griffith, Indiana police officer stopped Zavesky for driving left of center. Parker arrived at the scene and saw that the van now contained a chain saw and a case of motor oil which were partially concealed by a jacket. The officers detained Zavesky and his companion while they conducted a door-to-door check of the homes in the area. Approximately one hour and twenty minutes later, the officers discovered that a chain saw and a case of motor oil had been stolen from a nearby resident's garage. The officers then arrested Zavesky and his companion. The companion gave a statement admitting that he and Zavesky had broken into the garage and stolen the chain saw and oil. Zavesky's van was impounded and its contents inventoried. Some of the items in the van, as well as the tires and rims on the van, were returned to their rightful owners.
 
 
 4
 Later that day, Parker executed the search warrant. Parker found many of the items that had previously been reported stolen including the bicycle, gas grill and tools. The cache also held forty AM/FM stereo receivers, scores of tools, floor jacks and tires. On many of these items, the serial numbers had been removed or obliterated. All of the recovered property was either returned to its rightful owner or held as evidence.
 
 
 5
 Zavesky was subsequently charged with various felonies. Zavesky was convicted on one of the theft charges and received a twenty-year habitual offender enhancement. Apparently, in light of the conviction, the other cases against Zavesky were dismissed.
 
 
 6
 On November 26, 1986, Zavesky filed this action pro se pursuant to 42 U.S.C. Sec. 1983. He alleged that Parker, the Town of Schererville and the Schererville Police Department violated his constitutional rights under the fourth, eighth and fourteenth amendments. Zavesky also raised claims of kidnapping, burglary, theft, criminal trespass and vindictiveness harassment.
 
 
 7
 The district court appointed a series of attorneys for Zavesky. The defendants moved for summary judgment, and the district court granted their motion on all claims except the "theft" claim. The district court found that Zavesky had failed to allege that Parker's actions were pursuant to a policy or custom of the Town of Schererville or of the Schererville Police Department. Subsequently, the defendants moved for summary judgment on Zavesky's claim that the defendants had stolen property from his van and rented storage unit, and the district court granted the motion in their favor on July 27, 1989. Noting that theft is not a cognizable claim under section 1983, the district court construed Zavesky's claim as alleging that the defendants had deprived him of property without due process. The court found that to the extent that Zavesky was alleging that the seizure of his property was unconstitutional, qualified immunity nullified his argument. The court also found that Zavesky was not deprived of "his" property without due process in that Indiana law provided a procedure for the return of the seized property and Zavesky had not fully availed himself of that procedure much less shown that it was constitutionally inadequate.
 
 
 8
 Zavesky also asked the district court to reconsider its order granting summary judgment in favor of the defendants on the other claims. With this request, Zavesky submitted transcripts from a suppression hearing in state court. The district court concluded that, notwithstanding the state court's finding that defendants did not have probable cause to arrest Zavesky, Parker had probable cause to believe that there was probable cause for Zavesky's arrest. Consequently, the court reaffirmed its grant of summary judgment in favor of Parker on the grounds of qualified immunity.
 
 
 9
 On August 2, 1989, Zavesky wrote to the district court asking for the necessary forms to file an appeal. Eighty-five days later on November 20, 1989, Zavesky filed pro se a "Belated Notice of Appeal". On January 18, 1990, based on jurisdictional memoranda filed by the parties, this court construed Zavesky's letter of August 2, 1989, as a timely notice of appeal.
 
 II.
 A. Jurisdictional Issues
 
 10
 First, defendants contend that the notice of appeal fails to invoke the jurisdiction of this court because it does not name the court to which the appeal is taken in violation of Federal Rule of Appellate Procedure 3(c).[2] In an order of September 13, 1990, a motions panel of this court denied defendants' argument explaining:
 
 
 11
 In Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), the Supreme Court strictly construed the first requirement set forth in [FRAP] 3(c), that the notice of appeal specify the party or parties taking the appeal. Following that decision this court issued Chaka v. Lane, 894 F.2d 923 (7th Cir.1990). There, the court denied appellee's motion to dismiss on grounds that Chaka's notice of appeal failed to specify the final judgment and instead merely cited to an interlocutory order. Our court distinguished the requirement found in the second clause from that found in the first by noting that the extent to which an appellee may be misled is minimal there because only one final judgment exists in any given case. Id. at 924-25. We believe the same reasoning applies here. Although the notice of appeal failed to specify the court to which the appeal was to be taken this is the only court that may hear this appeal.
 
 
 12
 Defendants contend that reliance upon Chaka was misplaced in that in Chaka, the notice of appeal substantially complied with the requirements of the rules whereas here there is a complete lack of compliance. Defendants also argue that under Torres no distinction should be made among the various requirements of FRAP 3 and 4, but that they should be treated as a single jurisdictional threshold. Defendants add that the notice of appeal was misleading in that it is unclear whether Zavesky is seeking review by the same district court judge, another district court judge, by the chief judge of the district, by a three-judge panel of the district court as provided under local rule, by this court or by the Supreme Court. Defendants conclude that the appeal should be dismissed for lack of jurisdiction.
 
 
 13
 The parties have not identified and our research has not uncovered any decision by this court that addresses the effect of an appellant's failure to name the court to which the appeal is taken. We have, however, located the case of McLemore v. Landry, 898 F.2d 996 (5th Cir.), cert. denied, 111 S.Ct. 428 (1990), in which the court concluded that the appellant's failure to designate the court to which the appeal was taken was not fatal. The court stated: "[Appellant's] intent to appeal to this court is made manifest by the fact that this is the only court to which an appeal may be had." See id. at 999.
 
 
 14
 Although the defendants suggest that Zavesky could have been seeking review in a number of different fora, defendants have failed to support their contention with citation to the specific statutory or other authority showing that Zavesky could have sought review before any of these. It is clear that Zavesky was not "appealing" to the same district court judge. Zavesky sought reconsideration of the district court's earlier partial grant of summary judgment, and could have done so again had that been what he was seeking. Our review of the local rules for the Northern District of Indiana did not disclose any provision allowing for "appellate" review of a district court's judgment by another judge or a three-judge panel of the district court. Nor could Zavesky have appealed directly to the Supreme Court. Zavesky's intent was to appeal to this court, and the defendants were not misled. Consequently, we decline to vacate the order of the motions panel.
 
 
 15
 Second, defendants contend that Zavesky's brief and appendix fail to comply with Federal Rules of Appellate Procedure 28, 30 and 31 and various rules of this court in that Zavesky failed to timely file his brief, to submit his brief in proper form and to include copies of all pertinent orders and docket entries in his appendix. We note defendants' objections, but this court has a policy of extending leniency to individuals who are proceeding pro se, including those who are incarcerated. We do not condone Zavesky's failure to comply with the rules, but are of the opinion that it does not deprive him of his appellate rights. Because we do not find Zavesky's submission to this court to be an abuse of the court's rules, see Chaka, 894 F.2d 923; FRAP 2; Cir.R. 2, and, there being no case law to support summary dismissal in this context, we shall proceed to the merits.
 
 
 16
 B. Did the District Court Properly Grant Summary Judgment in
 
 
 17
 Favor of Defendants?
 
 
 18
 To state a claim against the Town of Schererville and the Schererville Police Department, Zavesky must plead and prove that Parker acted pursuant to a policy or custom. Although Zavesky has alluded to what he contends are similar incidents allegedly perpetrated against him by defendants on April 15, 1982 and on April 16, 1985, Zavesky has failed to substantiate his claims. His unsupported allegations are insufficient to create a genuine issue of material fact as to whether defendant Parker was acting pursuant to a policy or custom. Zavesky does not otherwise challenge the district court's ruling in favor of Schererville and the police department.
 
 
 19
 Qualified immunity protects government officials from liability under section 1983 where their actions are "objectively reasonable." See Malley v. Briggs, 475 U.S. 335, 343-45, (1986). This court has stated that an officer who arrests an individual will be immune from suit where the court finds that the officer had "probable cause to believe there was probable cause." Gramenos v. Jewel Co., 797 F.2d 432, 438 (7th Cir.1986), cert. denied, 481 U.S. 1028 (1987). Here the facts that were known to defendant Parker were sufficient for a reasonable person to believe that there was probable cause to believe that there was probable cause. As the district court found, at the time Parker arrested Zavesky he
 
 
 20
 knew there had been a rash of garage burglaries in the general area recently, an informant had implicated plaintiff in at least one of the burglaries, the informant's report had been corroborated by Parker's personal observation of plaintiff unloading into a storage unit what Parker thought could have been the proceeds of that burglary, Parker had seen plaintiff's empty van parked in a secluded residential area two hours before ... now the van contained a partially-concealed chain saw and motor oil, and Parker knew that both plaintiff and the passenger had been implicated in burglaries in the past.
 
 
 21
 Under these circumstances, Zavesky's arrest did not violate clearly established rights of which a reasonable officer would have known.
 
 
 22
 Zavesky's argument that the district court's grant of summary judgment was contradictory to the state court ruling[3] and "overturn[ed]" it is without merit. The findings of the two courts are not inconsistent. The analysis of whether there was probable cause for arrest is different from the analysis of whether a government official is immune from suit. The state court's finding did not preclude the district court from concluding that Parker was protected by qualified immunity.
 
 
 23
 As for the "theft" issue, we agree with the district court that defendants were entitled to summary judgment. Zavesky has not alleged that the procedures for recovery of his property provided by Indiana law are constitutionally inadequate. He has not demonstrated that he has fully availed himself of those remedies. Furthermore, defendants' qualified immunity extends to property seized pursuant to the arrest.
 
 C. Ineffective Assistance of Counsel
 
 24
 Zavesky contends that he was denied the effective assistance of counsel as guaranteed by the sixth amendment. There is no constitutional right to counsel in a section 1983 action; therefore, there is no right to the effective assistance of counsel. See A Sealed Case, 890 F.2d 15, 18 (7th Cir.1989); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir.1982), cert. denied, 459 U.S. 1214 (1983).
 
 III.
 
 25
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 FRAP 3(c) provides in pertinent part:
 Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.
 
 
 [3]
 We do not have the benefit of the transcripts from the state court proceeding. Although Zavesky asked the district court to return the transcripts to him for the express reason that he would need them on appeal to this court, Zavesky has failed to make them part of the record on appeal. Even so, we are able to rule on Zavesky's claim