972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Louis A. MILLER, Plaintiff-Appellant,
v.
Sargeant W. WILSON; Nottoway Correctional Center,
Defendants-Appellees.
 No. 92-6461.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 20, 1992
Decided: August 4, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-91-678-AM)
 Louis A. Miller, Appellant Pro Se.
 E.D.Va.
 Dismissed.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal is before the Court on Appellant's untimely notice of appeal.[1] An untimely notice of appeal does not invoke this Court's appellate jurisdiction. Consequently, we dismiss the appeal.
 
 
 2
 The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). For excusable neglect or good cause shown the district court may extend the filing period an additional thirty days. Fed. R. App. P. 4(a)(5).
 
 
 3
 Appellant's failure to file a timely notice of appeal[2] or to obtain an extension of the appeal period leaves this Court without jurisdiction to consider the merits of Appellant's appeal. We therefore deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Miller's notice of appeal, filed on April 16, 1992, specifically referred to the district court's November 12, 1991, order imposing a partial filing fee. The notice of appeal was not timely as to that order. See Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir. 1987) (where notice of appeal designates specific rulings being appealed, appeals court has no jurisdiction to review other judgments). Even if we were to construe the November order as being merged with the district court's April 2, 1992, order denying Miller's request to be excused from payment, see Chaka v. Lane, 894 F.2d 923 (7th Cir. 1990), the appeal is without merit
 
 
 [2]
 For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988)