George DZIKUNOO, Plaintiff–Appellant,

v.

McGAW YMCA, Defendant–Appellee.

No. 94–2754.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 30, 1994.

Decided Nov. 3, 1994.

Paul O. Otubusin (submitted), Otubusin & Associates, P.C., Chicago, IL, for plaintiff-appellant.

Robert M. Chemers, Jodi M. Smoller, Pretzel & Stouffer, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and FLAUM and MANION, Circuit Judges.

PER CURIAM.

The motion to dismiss this appeal reflects a recurrent misunderstanding, or rather pair of misunderstandings, about the fundamental principles of federal appealability; hence this brief opinion.

On June 29, 1994, the district judge issued an order that granted the defendant's motion for judgment as a matter of law and directed the clerk of the court to enter the judgment on a separate document pursuant to Fed. R.Civ.P. 58. The clerk entered the judgment in the case docket the following day. The defendant's notice of appeal, filed on July 21, 1994, states that the defendant is appealing "from the final order entered in this action on the 29th day of June, 1994." The appellee argues that since the order entered on June 29 was not the final judgment, it is not appealable, and that since no notice of appeal from the final judgment of June 30 was ever filed, the appeal should be dismissed.

The "final judgment" rule of 28 U.S.C. § 1291, which the appellee invokes, does not actually use the term "final judgment." The term is "final decision." The difference is significant. An order that winds up the litigation in the district court is a final decision, appealable within 30 days (60 if the federal government is a party) from the date of the decision. *Abbs v. Sullivan,* 963 F.2d 918, 923 (7th Cir.1992). The litigation is deemed to have wound up for this purpose if only ministerial details remain, *Production & Maintenance Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1401 (7th Cir.1992); *Parks v. Pavkovic,* 753 F.2d 1397, 1401 (7th Cir.1985), and none is more ministerial than the entry of the final order on a separate piece of paper. Hence the order of June 29 was appealable. The significance of the entry of the Rule 58 judgment the next day is that an appellant can always wait till the entry of the Rule 58 judgment to begin his countdown for appeal.

*Shalala v. Schaefer,* —— U.S. ——, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Otis v. City of Chicago,* 29 F.3d 1159, 1162–66 (7th Cir.1994) (en banc). In short, he can appeal from a final decision whenever entered, or he can wait until the entry of the Rule 58 judgment. In this case the appellant decided not to wait, but instead to appeal from the final decision of June 29. That was his privilege. Had he missed the deadline for appeal by one day he would have had to appeal from the Rule 58 judgment—and could have done so, consistent with the "safe harbor" function of that rule.

Even if the only order that he could have appealed from was that of June 30, the naming of the wrong order in the notice of appeal does not affect appellate jurisdiction, although it may limit the appeal to questions raised by that order. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Badger Pharmacal, Inc. v. Colgate–Palmolive Co.,* 1 F.3d 621, 624–25 (7th Cir.1993); *Chaka v. Lane,* 894 F.2d 923 (7th Cir.1990). The qualification would not be a factor here, since the order of June 30 did not raise any questions different from the order of June 29.

On both grounds, which are independent of each other, the motion to dismiss the appeal has no merit.

DENIED.