142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Valerie BANKS, Plaintiff-Appellant,
v.
ANDERSEN CONSULTING LLP, an Illinois limited liability
partnership and a business unit of Arthur Andersen
Consulting Worldwide, S.C., Defendant-Appellee.
 No. 97-3110.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 26, 1998.*
Decided March 27, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 2999, Charles P. Kocoras, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Valerie Banks appeals the district court's exercise of discretion on matters collateral to the merits of her underlying employment discrimination suit. Banks sued her former employer, Andersen Consulting LLP ("Andersen") for race and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and violation of the equal pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(d). Banks's attorney, Awesha Hakeem, sought to withdraw as counsel. The district court initially denied Hakeem's motion but granted her renewed motion after Andersen filed a motion for summary judgment. The sole issues on appeal are: (1) whether the district court abused its discretion in permitting Hakeem to withdraw after Andersen filed its summary judgment motion, and (2) whether the district court abused its discretion in denying Banks's request for a third extension of time to obtain new counsel after Banks had already filed a response to the summary judgment motion. We affirm.
 
 
 2
 In her initial motion to withdraw, Hakeem stated "personal differences" had arisen which prevented her continued representation of Banks. At the March 27, 1997 hearing regarding the motion, Banks stated that she did not object to Hakeem's withdrawal as long as Hakeem returned her retainer, and she was granted additional time to locate new counsel and to complete discovery. Hakeem then told the court that she had advised Banks not to proceed with the case because nothing produced in discovery would enable her to survive summary judgment. The court refused to extend the discovery deadline, having already extended it twice, and then described to Banks the kind of information she would need to survive summary judgment. Although Banks represented that she had been discussing her case with other lawyers and implied that she had another lawyer willing to take her case, she nonetheless requested that Hakeem continue as her counsel. The court therefore denied the motion and granted Andersen until April 28 to file a summary judgment motion and Banks until May 19 to respond.
 
 
 3
 After Andersen filed its summary judgment motion, Hakeem renewed her motion to withdraw, asserting that relations with Banks had worsened and that any response to the summary judgment motion presented a conflict for her because she had to choose between her duty to her client and her ethical obligations under Fed.R.Civ.P. 11. The court granted Hakeem's motion to withdraw and extended Banks's time to respond to the summary judgment motion until May 27. Banks then moved for another extension and the court extended the response date until June 10. On June 10, Banks filed her materials in response to the motion. The court denied Banks's June 12 motion for an extension of time to amend these documents and entered summary judgment in Andersen's favor.
 
 
 4
 Banks argues that the district court erred in granting Hakeem's motion to withdraw after Andersen had filed its summary judgment motion. However, the district court did not abuse its discretion in granting Hakeem's motion to withdraw. Stafford v. Mesnik, 63 F.3d 1445, 1448 (7th Cir.1995). In seeking to withdraw, an attorney must have the client's consent or establish "a valid and compelling reason" why the motion should be granted over the client's objection. Id. Contrary to Banks's argument, the district court had sufficient reasons to grant the motion to withdraw. The district court properly considered Hakeem's ethical concerns regarding the continuation of her client's case as a valid reason for her withdrawal. See A Sealed Case, 890 F.2d 15, 18 (7th Cir.1989). "Systematic interests are best served by remitting such litigants to their own devices rather than by forcing lawyers to put both their reputations and their treasury at the disposal of [their clients]." Id Hakeem informed the court of her ethical concerns and advised Banks of her belief that the case could not survive a summary judgment motion, yet Banks insisted on pursing her claim. When a client rejects her counsel's advice, counsel may withdraw from the case. See Washington v. Sherwin Real Estate, Inc. ., 694 F.2d 1081, 1087 (7th Cir.1982). The district court's decision was reasonable in light of Hakeem's concerns regarding the case and Banks's continued insistence to pursue her claim.
 
 
 5
 Banks also claims that she was prejudiced by the district court's denial of her request for a continuance to obtain new counsel and respond to the summary judgment motion. Again, the district court did not abuse its discretion in refusing to grant a third continuance of the time in which to respond to the summary judgment motion. Farmer v. Brennan, 81 F.3d 1444, 1449 (7th Cir.1996); United States v. Turk, 870 F.2d 1304, 1307 (7th Cir.1989). The district court informed Banks during the March 27 hearing on Hakeem's initial motion to withdraw that Banks would have seven weeks in which to determine whether to proceed with new counsel and how to respond to the summary judgment motion. The district court clearly set forth the implications of a summary judgment motion and permitted Banks adequate time to consider her options. The district court's subsequent grant of the motion to withdraw was reasonable, and Banks fails to show that she suffered actual prejudice as a result of the district court's decision to deny the continuance. Timms v. Frank, 953 F.2d 281, 286 (7th Cir.1992). Banks had already responded to the summary judgment motion when she requested additional time to amend her response and fails to show how an additional extension of time would have changed her response. Therefore, the district court's decision was not an abuse of discretion. See, Otis v. Chicago, 29 F.3d 1159, 1169 (7th Cir.1994).
 
 
 6
 In her reply brief, Banks argues that the district court erred in refusing to grant additional time for discovery and in not informing her that under Fed.R.Civ.P. 56(f) a party opposing summary judgment may submit an affidavit stating that she needs additional discovery to present facts essential to justify her position. Banks failed to raise these arguments in her initial brief however, and they are waived. Estate of Phillips v. Milwaukee, 123 F.3d 586, 597 (7th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 1052, 140 L.Ed.2d 115 (1998). Even if we considered her assertions, the district court did not abuse its discretion. Banks admits that the district court complied with its obligation under Timms to inform her how to respond properly to a summary judgment motion. 953 F.2d at 285. Moreover, Banks fails to identify any additional information she would have requested that could have raised a genuine issue of material fact and prevented summary judgment had the district court extended the discovery deadline. See Snyder v. Bank One, Kentucky, N.A., 113 F.3d 774, 780-81 (7th Cir.1997).
 
 
 7
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir. R. 34(f)