**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 1, 2005
Decided November 29, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1228

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 02-CR-308 |
| DAVID MERCADO-ESPINOZA, *Defendant-Appellant.* | David H. Coar, *Judge.* |

**O R D E R**

In April 2002, David Mercado-Espinoza pleaded guilty to reentering the United States without permission after his removal for an attempted murder conviction. At sentencing, the district court disagreed with the public policy underlying the sentencing guidelines for Mercado-Espinoza's offense and sentenced him to the lowest end of the guideline range. Although both parties agree that a limited remand consistent with our decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005) would be appropriate if we were to decide this case on the merits, we lack jurisdiction to hear this appeal because it was not timely filed.

Mercado-Espinoza was born in Mexico and entered the United States in 1973 when he was six years old. He was convicted of attempted murder in 1992 for stabbing another man and was deported to Mexico in 1997. In 2001, the INS located Mercado-Espinoza while he was in the custody of the DuPage County Jail, and in April 2002 he was charged with being illegally present in the United States after removal for his aggravated felony conviction. *See* 8 U.S.C. §§ 1326(a), (b)(2). Mercado-Espinoza pleaded guilty without a written plea agreement in October 2002. The probation officer recommended a sentence between 77 and 96 months based on an offense level of 21 and Mercado-Espinoza's criminal history category of VI.

In February 2003, the district court sentenced Mercado-Espinoza to 77 months' imprisonment, the lowest end of the guideline range. Before imposing this sentence, the district court commented that it disagreed with the public policy underlying the sentencing structure for Mercado-Espinoza's charged offense:

> I've gone on record I think numerous times with disagreeing with the policy behind the sentencing structure for cases like this. I just think it's foolish public policy. Now, having gotten that off my chest, that has absolutely nothing to do with sentencing, because the policy has been made by the policymaker, not me.

After the district court announced Mercado-Espinoza's sentence, it once again lamented that the crime to which Mercado-Espinoza was pleading guilty did not warrant such a severe sentence:

> I've said a few minutes ago that I disagreed with the policy behind the way we handle these matters. And let me tell you why, Mr. Mercado-Espinoza. You've been in this country since you were six years old. Whatever problems you've caused, whatever risk you represent are American problems. They're not Mexico's problems. They're America's problems.
>
> To send you back to Mexico and punish you for coming back is like gotcha. It's like having a bagful of problems and reaching in and looking at the problems and say, Ah hah, I've got you. You forgot to become naturalized. Therefore, we're going to send you back. We can't send these others back, but we're going to send you back. That makes no sense. . . but that's the law. . . . And I am duty bound to follow the law even though I have profound disagreements with it.

On March 17, 2003, the district court entered the judgment order. Mercado-Espinoza did not appeal. Nine months later, on December 15, 2003, the court *sua sponte* amended its judgment order because it had "inadvertently omitted" page four of the original seven-page judgment order. The missing page set forth the length and

conditions of Mercado-Espinoza's supervised release imposed. On January 26, 2004, Mercado-Espinoza filed an appeal. In September 2004, Mercado-Espinoza filed a motion for an extension of time authorizing the late filing of his notice of appeal, claiming that his previous counsel had abandoned him. In October 2004, the court denied his motion without prejudice. Mercado-Espinoza renewed his motion, arguing that the court had misconstrued the facts and case law in its first decision. The court granted his renewed motion on December 8, 2004.

Because both parties agree that a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), would be appropriate if this court reaches the merits of Mercado-Espinoza's appeal, the primary question is whether we have jurisdiction to hear his appeal. The government argues that we lack jurisdiction because Mercado-Espinoza failed to timely appeal the district court's judgment of March 17, 2003.

Appellate courts have jurisdiction to hear "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 661 (7th Cir. 1998). *See Dzikunoo v. McGaw YMCA*, 39 F.3d 166, 167 (7th Cir. 1994) (explaining that a decision is considered final where only ministerial details remain). This court will not have jurisdiction where the notice of appeal was not timely filed because a timely filed appeal is both "mandatory and jurisdictional." *United States v. Lilly*, 206 F.3d 756, 760 (7th Cir. 2000).

An exception to this general rule exists, however, where a district court subsequently amends a final decision by incorporating material changes. *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952); *United States v. Michelle's Lounge*, 39 F.3d 684, 703 (7th Cir. 1994). Material changes are those that "change[ ] matters of substance or resolve[ ] a genuine ambiguity in a judgment previously rendered." *Minneapolis-Honeywell*, 344 U.S. at 211. The key question is whether changes to an amended order "disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Id.* at 212. At issue, then, is whether the district court's amended judgment somehow introduced a material change that resolved a genuine ambiguity or otherwise altered Mercado-Espinoza's legal rights or obligations.

Here, the addition of page four containing boilerplate, standard conditions of supervision neither resolved a genuine ambiguity nor altered Mercado-Espinoza's legal rights or obligations. There is no ambiguity surrounding a court's imposition of "standard conditions," this court has determined, where a written judgment order is prepared on a standardized form that includes the standard conditions of supervised

release as preprinted boilerplate provisions. *See Bonnano,* 146 F.3d at 512. Similarly, a district court's general reference to "standard conditions" at sentencing is sufficient to impose all standard conditions required by statute. *See United States v. Martinez,* 250 F.3d 941, 942 (5th Cir. 2001). The district court here informed Mercado-Espinoza at sentencing that he would be subject to "the standard conditions that have been adopted by this [c]ourt." Mercado-Espinoza's written judgment was prepared on a standardized form (AO 245 B (Rev. 3/01)) that sets forth the standard conditions of supervision as boilerplate provisions. Given the court's oral pronouncement that it was adopting standard conditions and its use of a standardized form from the AO, there could be no ambiguity as to the nature of the supervised release conditions to which Mercado-Espinoza would be subject. The amended judgment introduced no material changes, and thus Mercado-Espinoza's failure to timely appeal the original judgment deprives this court of jurisdiction.

Accordingly, this appeal is DISMISSED.