**A.D. WEISS LITHOGRAPH COMPANY, INC., a Florida Corporation, Plaintiff-Appellant,**

v.

**ILLINOIS ADHESIVE PRODUCTS COMPANY, et al., Defendants-Appellees.**

Nos. 82–2694, 82–2498.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 16, 1983.

Decided April 15, 1983.

Eugene L. Resnick, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff-appellant.

Robert Marc Chemers, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for defendants-appellees.

Before CUDAHY, ESCHBACH and POSNER, Circuit Judges.

PER CURIAM.

We have consolidated two appeals that require resolution of the recurring question whether to characterize motions for reconsideration as either Rule 59(e) or Rule 60(b) motions under the Federal Rules of Civil Procedure.

On August 12, 1982, the district court granted the defendants' motion for summary judgment and ordered the complaint dismissed. Judgment pursuant to the order was entered on August 19, and on August 31, within 10 days of being served with the judgment, the plaintiff filed with the district court, purportedly under Rule 59(e), a "motion to reconsider summary judgment." On September 17 the plaintiff filed a notice of appeal from the judgment (No. 82–2498 in this court), and on September 24 the district court dismissed the motion to reconsider on the ground that it was a Rule 60(b) motion and hence outside the district court's jurisdiction because of the filing of the notice of appeal. On October 21, the plaintiff filed another notice of appeal (No. 82–2694), this one from the district court's dismissal of the motion to reconsider; and the plaintiff moves this court summarily to reverse the district court's dismissal of the motion to reconsider.

It would make life a good deal easier for all concerned if parties moving under Rule 59(e) would always caption such motions "motions to alter or amend judgment," rather than "motions to reconsider," and thereby dispel any doubt whether the motion is under Rule 59(e) or Rule 60(b)— rules with very different procedural conse-

quences, as this case illustrates. But the caption is not essential. One must look to the body of the motion, and see what the movant wants. Although the words "alter or amend" imply something less than "set aside," and the case that led to the promulgation of Rule 59(e), *Boaz v. Mutual Life Ins. Co. of New York,* 146 F.2d 321 (8th Cir.1944), involved a motion to change a judgment of dismissal without prejudice to one with prejudice, rather than to set aside a judgment, most cases hold, and we agree, that Rule 59(e) can be used as in this case to ask that a judgment be set aside in its entirety. 11 Wright & Miller, Federal Practice and Procedure § 817 at p. 111 n. 31 (1973); 1981 Pocket Part at p. 19, n. 31. The very practical reason for this conclusion is that it minimizes ambiguity for lawyers and judges in deciding whether a motion challenging judgment is a Rule 59(e) or a Rule 60(b) motion.

■■■ It does not follow, of course, that any post-judgment motion filed within 10 days is a Rule 59(e) motion. For various limitations see, e.g., *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 848–49 (7th Cir. 1981); *Spray-Rite Serv. Corp. v. Monsanto Co.,* 684 F.2d 1226, 1247–48 (7th Cir.1982), and the views expressed by six judges of this court in *Parisie v. Greer,* 705 F.2d 882, 883, 885–889, 891–895 (7th Cir.1983) (en banc). But none is applicable here, this case rather fitting the statement in *United States Labor Party v. Oremus,* 619 F.2d 683, 687 (7th Cir.1980), that "a Rule 59(e) motion to alter or amend a judgment properly may be used to ask a district court to reconsider its judgment and correct errors of law." *Western Transport. Co. v. E.I. Du Pont de Nemours & Co.,* 682 F.2d 1233, 1236 (7th Cir.1982), on which the district court principally relied in holding that the plaintiff's motion to reconsider was not a Rule 59(e) motion, is distinguishable. There the "motion for reconsideration," although filed within 10 days, contained no request to alter or amend the judgment (though maybe that was implicit) but merely informed the court that the movant would file at a later date a memorandum of

law. Essentially, then, the motion was a request for an extension of time, and extensions of time are not permitted for Rule 59(e) motions. See Fed.R.Civ.P. 6(b). It could not be considered a Rule 59(e) motion. *Parisie* is a similar case. See 892–893 (separate opinion of Posner, J.).

The original notice of appeal filed by the plaintiff was protective only, in case the district court decided (as it did) that the post-judgment motion was not a Rule 59(e) motion. Therefore, the appeal in No. 82–2498 is dismissed as moot, and in No. 82–2694 the order of the district court dismissing the plaintiff's motion to reconsider is reversed and the case remanded for the district court to consider the motion under Rule 59(e).

SO ORDERED.