contempt in this manner because such a sanction would be in the nature of a criminal contempt action. *Lindsey v. Ipock,* 732 F.2d 619 (8th Cir.1984). Therefore, pursuant to Bankruptcy Rule of Procedure 9020, this matter is certified to District Court with the recommendation that Fleet Mortgage Company be found in contempt of this Court's Order of April 4, 1984, and fined a sum equal to its claim in this case, plus attorney's fees of $750.00 and that it be required to execute a release of its deed of trust lien forthwith.

IT IS SO ORDERED.

ly informed the court that the movant would file at a later date a memorandum of law. Essentially, then, the motion was a request for extension of time, and extensions of time are not permitted for Rule 59(e) motions. See Fed.R.Civ.P. 6(b)." *A.D. Weiss Lithograph Company v. Illinois Adhesive Products,* 705 F.2d 249, 250 (7th Cir.1983). It is therefore

ORDERED that the above and foregoing "motion for reconsideration" be, and it is hereby, DENIED.

In the Matter of Ralph WARREN, and Melba Jean Warren, Debtors.

Thomas J. CARLSON, Plaintiff,

v.

Michael Ray WARREN, and Carol Ann Warren, Defendants.

Bankruptcy No. 83–02608–SW.
Adv. No. 85–0511–SW.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Jan. 15, 1986.

Thomas J. Carlson, Springfield, Mo., trustee.

Richard Owensby, Neale, Newman, Bradshaw & Freeman, Springfield, Mo., for defendants.

ORDER DENYING MOTION FOR
RECONSIDERATION

DENNIS J. STEWART, Chief Judge.

"[A] 'motion for reconsideration,' although filed within 10 days, contained no request to alter or amend judgment (though maybe that was implicit) but mere-

In the Matter of Kelly Wayne PATTERSON, Debtor.

Otto HARKINS, Plaintiff,

v.

Kelly Wayne PATTERSON, Defendant.

Bankruptcy No. 85–03138–SJ–W.
Adv. No. 85–0713–SJ–W.

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

May 23, 1986.

Order Denying Motion to Alter or Amend Judgment Oct. 21, 1986.

