**In re STURGIS PRINTING CO., INC., Debtor.**

**Bankruptcy No. 74-42.**

United States District Court, D. Hawaii.

June 11, 1987.

John A. Chanin, Honolulu, Hawaii, for City Bank.

Herbert T. Ikazaki, Thomas J. Wong, Honolulu, Hawaii, for Walter Soares and The Employees of Sturgis Printing.

Luman S. Nevels, Jr., Honolulu, Hawaii, for Medeline Sturgis Storm.

Renton L.K. Nip, Honolulu, Hawaii, for Successor Receiver Howard M.S. Hu.

Hiroshi Sakai, Honolulu, Hawaii, for Former Receiver Ralph S. Aoki.

Jerrold Guben, Honolulu, Hawaii, for Timothy Mattimore.

Tod Z. Tanaka, Honolulu, Hawaii, for Florence E. Sturgis.

Howard Hu, Honolulu, Hawaii, successor trustee.

Christopher Lau, Honolulu, Hawaii, for Medeline Sturgis Storm.

Jay M. Fidell, Honolulu, Hawaii, for American Trust Co. of Hawaii, Inc.

Gary Y. Shigemura, Honolulu, Hawaii, for Timothy Mattimore.

Gerlad I. Fujita, Honolulu, Hawaii, for Ralph S. Aoki in Adv. No. 74-42(2).

James W. Cox, Honolulu, Hawaii, for defendants Ho and Pang in Adv. No. 74-42(2).

ORDER DENYING TIMOTHY MATTIMORE'S MOTION FOR RECONSIDERATION OF DECISION REGARDING VALUATION OF STOCK OF CORPORATE DEBTOR AND ORDER THEREON FILED MAY 21, 1987 AND REQUEST FOR ORAL HEARING

PENCE, Senior District Judge.

On July 13, 1987, at 9:30 a.m., an evidentiary hearing will commence before this court regarding the issue of whether the stock of the corporate debtor had any value

 

on December 28, 1976. On May 21, 1987, this court entered an order establishing December 28, 1976, as the relevant date for valuing the debtor's stock, and further holding, "the method of valuation shall be the liquidation value of the debtor, i.e., whether a sale of the debtor's assets would have produced any money in excess of the debtor's liabilities."

On June 1, 1987, Timothy Mattimore filed a motion for reconsideration of the above decision. Although the Federal Rules of Civil Procedure do not make provision for motions to "reconsider," such motions have become unfortunate fixtures in the legal landscape. Courts have treated motions to "reconsider" as motions under F.R.Civ.P. 59(e), F.R.Civ.P. 60(b), or pursuant to the court's inherent power to reconsider non-final rulings. *See A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Co.*, 705 F.2d 249 (7th Cir.1983). A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must convince the court to reverse its prior decision. *See, e.g., Trentacosta v. Frontier Pac. Aircraft Industries*, 813 F.2d 1553, 1557–58 n. 4 (9th Cir.1987). A court may grant a motion to reconsider, for example, to consider an appellate opinion decided since its initial ruling, yet reimpose the same ruling as before.

The court has reviewed Mattimore's motion, and finds it to be exceptionally poorly crafted in that it omits entirely the first crucial step. Mattimore asserts no reason why this court should reconsider its decision, other than the implication that Mattimore finds himself somewhat disadvantaged by one of this court's rulings. Mattimore simply reiterates his previous arguments, buttressed by two "new," but inapposite cases. The motion must be, and is, denied, without hearing. If this court had held a hearing, as movant has requested, it is highly probable that the court would have imposed sanctions on the movant for violating F.R.Civ.P. 11.

Mattimore additionally asserts that this court failed to choose among three alternative "liquidation methodologies." One of Mattimore's proposed alternatives involves valuing future contributions by the assets to the earnings of the business, while another proposed alternative includes a "going concern" value. The court will simply state that if it had intended that the parties use "future earnings" value or "going concern" value, the court would have said so.

The court fully anticipates that there will be disputes as to the underlying assumptions necessary for the purpose of computing the debtor's liquidation value. If the parties find themselves unable to agree as to these underlying assumptions such that they cannot prepare for the evidentiary hearing without further ruling by this court, then the court would consider further motions. However, the court by no means intends to encourage such motions.

Mattimore's motion to reconsider is devoid of merit and is therefore dismissed, without hearing.

IT IS SO ORDERED.