856 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMERICAN SECURITY BANK, N.A., Plaintiff-Appellant,
v.
Roy LUCAS, Defendant-Appellee.
 No. 87-3968.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and HERMAN J. WEBER, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff, American Security Bank, (ASB) filed this suit in the United States District Court for the Northern District of Ohio, to enforce a judgment of a foreign court against defendant Roy Lucas. In order to collect the judgment, ASB attempted to garnish $40,000 that the City of Cleveland owed to Lucas. After Cleveland paid Lucas rather than ASB, ASB filed a motion for recovery. The district court initially granted the motion and directed Cleveland to pay ASB the $40,000. However, on reconsideration, the district court vacated its original decision and held that because ASB had not correctly followed the Ohio garnishment procedures, ASB could no longer collect from Cleveland. ASB appeals, arguing that the district court abused its discretion by reversing itself, that Cleveland should be estopped from raising any deficiencies in the compliance with Ohio's garnishment procedures, and that its attempt to garnish the $40,000 was adequate because it substantially complied with Ohio law and did not prejudice Cleveland. Finding no merit in ASB's arguments, we AFFIRM.
 
 
 2
 Defendant, Roy Lucas owes ASB over $100,000 as a result of a judgment of a Virginia court. After discovering that Lucas, an attorney, may have become entitled to an award of attorney's fees arising out of cases that he prosecuted against the City of Cleveland, an ASB attorney contacted Dale Kainski, the Chief Counsel for the city's law department to discuss the possibility of ASB garnishing the money that Cleveland would owe Lucas. While the city and ASB offer different accounts of precisely what Kainski agreed to do regarding the $40,000, counsel for ASB eventually came to the city's legal offices and gave Kainski copies of what purportedly were attachment papers. Both parties agree that these papers did not precisely comply with the Ohio statute governing attachment and garnishment. See Ohio Rev.Code Ann. Sec. 2715-16 (Anderson 1987 Supp.).
 
 
 3
 ASB's first argument on appeal is that the district court abused its discretion by granting the city's motion to alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). ASB contends that this rule is only intended to be applied where the moving party alleges sufficiently serious factual error. In this case, it argues, the city merely was attempting to present legal arguments that the district court had already rejected. ASB points to a series of district court cases where courts have refused to grant rule 59(e) motions on the grounds that the movants had not raised any new facts that would warrant reconsideration. While we agree with these cases that a district court is not required to reconsider issues already decided, this does not mean that a district court is without power to correct a legal as well as a factual mistake by amending its decision.[2] On the contrary, the three circuits that have addressed this issue have agreed that district courts can reconsider both legal and factual issues on Rule 59(e) motion. A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co., 705 F.2d 249, 250 (7th Cir.1983); Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 674 F.2d 1252, 1260 (9th Cir.1982), cert. denied, 459 U.S. 1277 (1983); Fackelman v. Bell, 564 F.2d 734 (5th Cir.1977). Furthermore, as a matter of policy, it would be unwise to interpret Rule 59 to require the litigants to go through the time and expense of an appeal when the district court recognizes that it made a mistake of law and is willing to correct the error.
 
 
 4
 The next question on appeal concerns the effect of ASB's failure to fully comply with Ohio's garnishment procedures. The district court noted that
 
 
 5
 The City argues, and ASB admits, that the attachment procedure was defective in three ways: (1) ASB failed to serve the writ of attachment through a levying officer or person specifically appointed for that purpose pursuant to R.C. Sec. 2715.09 and Fed.R.Civ.P. 4(c)(1); (2) ASB failed to serve the City with a written notice to appear and answer pursuant to R.C. Sec. 2715.09(A); and (3) ASB failed to file a timely return of service required under R.C. Sec. 2715.18.
 
 
 6
 The district court concluded that these procedural errors fatally flawed ASB's attempted garnishment. ASB argues that the district court erred because these defects in their attempt to garnish the Lucas money were minor and that their compliance with the statute was substantial enough to warrant their recovery of the $40,000. First, we note that the defects in ASB's attempt to garnish this money were more than the typical typographical errors that normally are excused by the concept of substantial compliance. Next, as discussed below, garnishment proceedings involve the legal rights of three parties. If we were to force the garnishee to turn over property to a judgment creditor who has not complied with the statute, it would expose the city to liability from the judgment debtor, who is still legally entitled to payment from the city. It would be unfair to place garnishees in the position of having to perform the difficult task of deciding if a judgment creditor had substantially complied with the statute and thus is legally entitled to the money.
 
 
 7
 ASB claims that because Sec. 1.11 of the Ohio R. Code requires that remedial statutes be read liberally, we should excuse ASB's noncompliance with Sec. 2715. This argument is unpersuasive because Sec. 1.11 only requires a liberal construction when it would "assist the parties in obtaining justice." In this case, while bending the rules in favor of ASB would undoubtedly assure them of receiving the money that Lucas owes them, it would not be just for the City of Cleveland to have to pay an additional $40,000 to ASB. In this type of situation the garnishment provisions are not truly remedial in nature because they do not directly force the transgressor to do anything, but they force an innocent third party to become involved in the dispute. Approaching the statute this way, relying on Sec. 1.11 to force a liberal construction of the necessary elements of a garnishment action, is misplaced.[3]
 
 
 8
 ASB further argues that the district court's decision be reversed because it claims that the city's alleged agreement to accept the garmishment estops them from raising these procedural flaws in their attempt to avoid ASB's recovery. This is based on ASB's allegations that the city "agreed" to help ASB recover the wages and to accept service of process. While we believe that there may be problems with applying concepts like promissory estoppel to municipalities under Ohio law, we need not reach such issues because we believe that even taking ASB's allegations as true, they have shown neither the necessary elements of promissory nor equitable estoppel.
 
 
 9
 According to the Restatement of Contracts (2d) Sec. 90(1), promissory estoppel is appropriate only where the party raising the defense makes "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee ... and which does induce such action or forebearance." In this case, even taking the ASB's allegations as true, we cannot say that any promises were made which would reasonably have induced ASB to believe that it could dispense with proper garnishment procedures. First, garnishment involves the legal rights and obligations of three parties. No reasonable attorney could conclude, no matter what the city may have told him, that the city could unilaterally waive the legal rights of a third party. The city was not allegedly promising to pay ASB with its own money, but with the money that it legally owed to Lucas.
 
 
 10
 ASB's argument in favor of equitably estopping the city from raising the incomplete adherence to the statutory procedure must also fail for similar reasons. In order to succeed on a claim of equitable estoppel, the party seeking estoppel must show, among other things, that the city misled ASB and that ASB reasonably relied on this deception. We have found nothing in the record to indicate that the city in any way misled ASB as to the technical requirements of garnishment. Even if the alleged agreement to accept service could be considered misleading, we do not believe that it was reasonable for ASB's attorney to rely on such a statement when a little research into Ohio law would have provided him with the correct method of garnishing the $40,000.
 
 
 11
 For these reasons, we AFFIRM.
 
 
 
 [1]
 The Honorable Herman J. Weber, U.S. District Court for the Southern District of Ohio, sitting by designation
 
 
 [2]
 ASB does point to one district court case, Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977), where the court limited Rule 59 motions to errors of fact. While that case supports ASB's contention, it obviously is not binding on this court
 
 
 [3]
 Even if Sec. 1.11 did apply and we were forced to liberally apply the garnishment rules to this case, it would not change the result. As discussed above, ASB did not even come close to complying with the statute. In fact, the city probably would have been liable to Lucas if it had turned over the $40,000 to ASB based on their incomplete attempted garnishment