983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David G. SCHONBACK, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-1308.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Jan. 7, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 David Schonback originally pleaded guilty to one count charging conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371 and 1503, as well as another count alleging conspiracy to tamper with a witness in violation of 18 U.S.C. §§ 371, 1512(a)(2)(A), 1512(a)(2)(D), and 1512(a)(3). In exchange for his guilty plea, the government dismissed the other ten counts of the indictment. The charges were brought after the government discovered that Mr. Schonback and his co-defendants were arranging the murder of witnesses who were to testify before the grand jury investigating their drug-dealing activities. A jury convicted Mr. Schonback's two co-defendants. On appeal, Mr. Schonback's co-defendants argued that they could not be convicted of both conspiracy to obstruct justice and conspiracy to tamper with witnesses because each count alleged the same conspiracy. We agreed, vacated their convictions, and remanded to the district court for an election of counts by the government and for resentencing. United States v. Williams, 858 F.2d 1218 (7th Cir.1988), cert. denied, 488 U.S. 1010 (1989). Mr. Schonback benefitted from his co-defendants' successful appeal when he filed his first section 2255 motion, which the district court granted based upon our decision in Williams. The district court vacated the defendant's convictions, and the government elected to proceed on the count charging participation in a conspiracy to tamper with witnesses.
 
 
 2
 In his second motion under 28 U.S.C. § 2255, Mr. Schonback challenged the sole count on which he stands convicted, and claimed for the first time that the substantive offense of witness tampering, 18 U.S.C. § 1512(a), and the affirmative defense contained in 18 U.S.C. § 1512(c), alone and in the context of a conspiracy charge under 18 U.S.C. § 371, are unconstitutional. The district court denied Mr. Schonback's motion on October 2, 1991, on the ground that the petitioner failed to establish good cause and actual prejudice for failing to challenge the constitutionality of 18 U.S.C. §§ 1512(a) and 1512(c) on appeal. The petitioner filed a motion for reconsideration on October 25, 1991, which the district court denied on November 18, 1991. On November 25, 1991, Mr. Schonback filed a notice of appeal "from the final judgment entered ... on the 18[th] day of November." Mr. Schonback did not designate the October 2, 1991, judgment denying his section 2255 motion as an order he was appealing from in either his notice of appeal or in his jurisdictional statement. In his brief, he assumes that he has appealed from both the October 2, 1991, and November 18, 1991, orders.
 
 
 3
 As a preliminary matter, we must determine the nature of Mr. Schonback's motion for reconsideration filed on October 25, 1991, since he neglected to invoke either of the two possible bases for relief, Federal Rule of Civil Procedure 59(e) or 60(b), in the motion. If it is a motion filed pursuant to Rule 59(e), the motion effectively suspends the judgment and makes it nonfinal until the court ends the case by ruling on the motion. Any appeal of the judgment must be taken after the ruling on the Rule 59(e) motion, and any notice of appeal entered prior to the filing of the motion is a nullity. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982). An appeal from a district court's denial of a Rule 59(e) motion necessarily brings the entire case up for review. Foman v. Davis, 371 U.S. 178, 180-81 (1962); Petru v. City of Berwyn, 872 F.2d 1359, 1361 (7th Cir.1989).
 
 
 4
 If the motion for reconsideration is a Rule 60(b) motion, however, the original judgment is final, Fed.R.Civ.P. 60(b) (a timely 60(b) motion "does not affect the finality of a judgment or suspend its operation"), and we are precluded from considering the merits of the underlying judgment from which the appellant sought relief. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir.1986); McKnight v. United States Steel Corp., 726 F.2d 333, 338 (7th Cir.1984). The designation of the order appealed from is a jurisdictional requirement of Rule 3(c) of the Federal Rules of Appellate Procedure:
 
 
 5
 Rule 3(c) is a jurisdictional rule, and such rules must be read with exactitude, to produce simple decisions and predictable results; second, the final sentence of the rule, saying that an appeal shall not be dismissed for "informality of form or title of notice" implies that it shall be dismissed for errors in the body.
 
 
 6
 Shaka v. Lane, 894 F.2d 923, 924 (7th Cir.1990) (citing Torres v. Oakland Scavenger Co.,, 487 U.S. 312 (1988)).
 
 
 7
 Determining whether the motion appealed from is authorized by Rule 59(e) or 60(b) matters, because if the November 18 order designated in the notice of appeal was a Rule 60(b) motion, we review only the denial of the motion for abuse of discretion. Gomez v. Chody, 867 F.2d 395, 405 (7th Cir.1989). A Rule 59 motion must be served not later than ten days after entry of judgment. Fed.R.Civ.P. 59(b). Mr. Schonback filed his motion for reconsideration twenty-three days after the date the judgment was entered, and it does not appear that he ever served a copy of the motion on the government because the document lacks a certificate of service and the government never responded to the motion. Nothing in the motion suggests that it was ever served. We noted in Western Indus. Inc. v. Newcor Canada Ltd., 709 F.2d 16, 17 (7th Cir.1983), that "[p]ost judgment motions filed within 10 days should where possible be construed as Rule 59(e) motions to avoid otherwise endless hassles over proper characterization." See also Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir.1989); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir.1988). Given the twenty-three day lapse between the judgment and the filing of Mr. Schonback's motion for reconsideration, as well as the petitioner's apparent failure to serve the government with a copy of the motion within ten days of the judgment, the motion should be regarded as a Rule 60(b) motion. Because Mr. Schonback designated only the denial of the Rule 60(b) motion in his notice of appeal, the only issue for review is the propriety of the district court's denial of the post-judgment motion. See Washington v. Board of Educ., 498 F.2d 11, 15 (7th Cir.1974) (notice of appeal must designate both the judgment and the denial of a Rule 60(b) motion if an appellant seeks review of both final orders).
 
 
 8
 We review the district court's denial of a Rule 60(b) motion for abuse of discretion, Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Chody, 867 F.2d at 405, which the appellant bears the burden of proving. Peacock v. Board of School Comm'rs, 721 F.2d 210, 213 (7th Cir.1983). We will find that the district court abused its discretion only if we have a "strong conviction that he exceeded the permissible bounds of judgment." American Hosp. Supply v. Hospital Prods. Ltd., 780 F.2d 589, 595 (7th Cir.1985).
 
 
 9
 The district court did not abuse its discretion in denying Mr. Schonback's motion under Rule 60(b). Relief from judgment under Rule 60(b) is available only under exceptional circumstances. Andrews v. Heinold Commodities, Inc., 771 F.2d 184, 188 (7th cir.1985). As the district court noted when denying the requested relief, the motion raises only issues of law that the district court had rejected in its October 2, 1991 order. Because the motion raised only a previously ruled upon matter that could have been raised on appeal, the district court was not obliged to grant relief under Rule 60(b) as a substitute for Mr. Schonback's exercise of his right to appeal the error. See Local 332 v. Johnson Controls, Inc., 969 F.2d 290, 292-93 (7th Cir.1992) (Rule 60(b) is not a substitute for an appeal.) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); Kagan, 795 F.2d at 606-07 (same); Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991) (same). The record reveals that Mr. Schonback's motion for reconsideration simply recapitulated the arguments asserted in the section 2255 motion that were rejected by the district court. Confronted with only a restatement of arguments previously rejected, the district court did not abuse its discretion in denying Mr. Schonback's motion for reconsideration.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs