# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CT-00502-SCT

*THOMAS QUITMAN BRAME, JR.*

*v.*

*SHERRYE POLK BRAME*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/08/1997 |
| TRIAL JUDGE: | HON. W. E. BEARDEN, JR. |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| | THOMAS L. TULLOS |
| | JOHN N. SATCHER |
| ATTORNEY FOR APPELLEE: | L. WESLEY BROADHEAD |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED IN PART AND REMANDED - 6/14/2001 |
| MOTION FOR REHEARING FILED: | 7/27/2001; denied 10/11/2001 |
| MANDATE ISSUED: | 10/18/2001 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal involves the issues of division of property, child custody and child support arising pursuant to a divorce. This Court granted certiorari to consider these issues, as well as procedural questions involving the denial of certain post-trial motions without a hearing. After due consideration, we reverse in part and remand for further proceedings.

## I.

¶2. The following statement of facts was provided by the Court of Appeals:

Thomas Brame (Thomas) and Sherrye Polk Brame (Sherrye) were married on May 20, 1979, and lived in the Bay Springs, Mississippi, area during their marriage. Three children were born to this marriage: Melissa in 1981, Laura in 1982, and Thomas III in 1985. Sherrye filed for divorce on grounds of adultery, and after a four day trial, the final judgment of divorce was granted December 10, 1997.

At the time of their marriage, Thomas held a law degree and had been practicing law for four months in Bay Springs. Sherrye held a bachelors degree in management and was a pharmaceutical drug representative for Lemman Pharmaceutical. Both worked until 1981 when Sherrye quit work to stay

home and raise their children. Sherrye returned to the workforce in 1995 after the couple separated.

In 1991, Thomas was diagnosed as having a medical condition that requires medication to control the symptoms. Medication for treating this incurable disease costs Thomas $1,000 per month.

In the judgment for divorce, the chancellor awarded Thomas primary custody of Melissa and Thomas III, and granted primary custody of Laura to Sherrye. Thomas was granted visitation rights with Laura, and Sherrye was granted the same with Melissa and Thomas III. Thomas was also ordered to pay Sherrye $500 per month in child support and ordered to pay one-half of non- insured medical expenses for Laura. Thomas was ordered to pay periodic alimony to Sherrye in the amount of $700 per month and ordered to pay $10,000 for Sherrye's attorney fees. Thomas was assigned $71,000 worth of debt.

Sherrye was also awarded title to the 1990 Mercury vehicle, one-half of Thomas's investment and retirement accounts, and her non-marital assets, including jewelry valued at $11,200. Sherrye retained her stock in a family drug store business and retained her one-third remainder interest in a family trust. Sherrye assumed $30,000 worth of debt.

*Brame v. Brame*, No. 98-CA-00502-COA, at ¶ 2-6 (Miss. Ct. App. March 28, 2000).

¶3. Thomas subsequently filed several post-trial motions, specifically (a) a Motion for New Trial or for Amendment of Judgment, (b) a Defendant's Motion for Award of Attorney's Fees and Litigation Costs and (c) a Motion to Reconsider, For Relief from Judgment, Or Alternatively, For Modification. In the latter motion, Thomas asserted that Laura, whose custody was granted to Sherrye, had decided to live with Thomas and was in fact living with Thomas. This fact was advanced as new evidence to require amending the judgment to place custody of Laura with Thomas and to eliminate the award of child support to Sherrye or, alternatively, to modify the judgment to that extent. These three motions were denied by the chancery court without a hearing.

¶4. On direct appeal Thomas raised numerous issues concerning the division of assets and support. The Court of Appeals affirmed the trial court's judgment. The Court of Appeals found that the chancellor had erred in designating Thomas's law practice as a marital asset. The Court of Appeals found that the chancery court had erred in finding that the law practice could be part of an equitable distribution of marital assets, and had erred in valuing the law practice at $65,000. This error was found to be inconsequential, as Sherrye did not receive 50% of the marital assets even if one included the law practice. Finally, the Court of Appeals found that the chancellor did not err in denying Thomas's post-trial motions without a hearing.

¶5. We conclude that the Court of Appeals was correct in its decision on the issues of assets and alimony. The Court of Appeals cited the proper standard of review, and the chancellor's decisions on these matters were supported by the record and well within his discretion.

¶6. We do not reach the issue of the chancery court's treatment of Thomas's law practice as a marital asset capable of equitable distribution. The issue was not raised by either party on certiorari and is not necessary to our decision here.

## II.

¶7. This trial was held in June and July, 1997. The chancellor issued his opinion on October 19, 1997. The

final judgment was entered on December 10, 1997. On December 22, 1997, Thomas filed a Motion for New Trial or Amendment of Judgment. This motion raised numerous alleged errors in the trial and was filed under M.R.C.P. 59.

¶8. On December 31, 1997, Thomas filed a Motion for Award of Attorney's Fees, Litigation Costs and Expenses. In addition to attorney's fees, the motion also asked the chancellor to consider that an offer for judgment had been made by Thomas pursuant to M.R.C.P. 68. Further, the motion asked for expenses based on the fact that Thomas was forced to prove certain matters about which a request for admissions had been made of Sherrye.

¶9. Also on December 31, 1997, Thomas filed a Motion to Re-Consider, for Relief from Judgment, or Alternatively, For Modification. The motion was based on the fact that Laura, whose custody was granted to Sherrye, and for whom Sherrye was awarded child support, had elected to live with her father. This motion was filed under M.R.C.P. 60. The Court of Appeals stated the following regarding this motion:

> The motion to reconsider refers to the chancellor's need to reconsider his decision in light of . . . Laura's decision to live permanently with Thomas rather than with Sherrye. Such being the case, Thomas would have custody of all three children, effectively terminating his need to pay child support to Sherrye. However, facts subsequent to the trial could not cause errors in the trial which could be corrected on a reconsideration of a judge's decision from that trial. However, the proper approach would be to file a petition for modification of child support, citing a material change in circumstances. Since Thomas did not file the proper petition, we find the chancellor was correct in denying the requested relief.

*Brame v. Brame*, No. 98-CA-00502-COA, at ¶ 38 (Miss. Ct. App. March 28, 2000).[1]

¶10. The Court of Appeals erred in basing its decision on Thomas's supposed failure to file a Petition for Modification. The fact is that Thomas did file a motion to modify, as that was a part of the relief requested in the last motion filed.

¶11. As a preliminary matter we address the question of appealing the judgment and denial of motions filed under M.R.C.P. 59 and 60 under the same notice of appeal. While we have not addressed the issue, federal authority with respect to the identical rule suggests that a separate notice of appeal is required to gain review of the trial court's action on a Rule 60 motion. *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1301 (7th Cir. 1992); *Ingraham v. United States*, 808 F. 2d 1075, 1080-81 (5th Cir. 1987). This is true because appeal from a denial of a Rule 60 motion does not bring up the underlying judgment and vice versa. *Bank of Edwards v. Cassity Auto Sales, Inc.*, 599 So. 2d 579, 582 (Miss. 1992). Here, however, all of the motions filed after trial, one of which was timely to stay finality of judgment, were denied by the same order filed on February 17, 1998. Thomas's timely notice of appeal stated that it was appealing the denial of all of these motions. We hold that where, as here, the Rule 60 motion is filed and disposed of within the time allowed for appeal from the underlying judgment and the notice of appeal speaks to the judgment and the order disposing of the motion, one notice of appeal is sufficient to bring to this court both the judgment and the Rule 60 order.

¶12. On the merits, it is clear that the chancery court erred in failing to hold a hearing on the Motion to Re-Consider, for Relief from Judgment, or Alternatively, for Modification. The allegations of the motion, if true, may well have been such a material change in circumstances as would compel alteration of the judgment.

The issue of support for Laura Brame cannot be properly considered on appeal without some finding, on the record, concerning her actual custodial arrangement. We, therefore, reverse and remand for a hearing on the Motion to Re-Consider, for Relief from Judgment, or Alternatively, For Modification filed by Thomas Brame. The award of child support in favor of Sherrye can be reconsidered on remand.

¶13. For these reasons, the judgments of the Court of Appeals and the Jasper County Chancery Court are reversed as to the denial of Thomas's post-trial motions, and this case is remanded to the Jasper County Chancery Court for a hearing on Thomas's Motion to Re-Consider, for Relief from Judgment, or Alternatively, for Modification and for any necessary reconsideration of the child support award in favor of Sherrye Polk Brame. The judgments of the Court of Appeals and the Jasper County Chancery Court are affirmed in all other respects except as to the inclusion of Thomas's law practice as a marital asset subject to equitable distribution which was not raised and decided on certiorari.

¶14. **AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.**

**SMITH, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., CONCURRING IN PART AND DISSENTING IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND MILLS, J.**

**McRAE, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶15. I agree with the majority that Thomas should be granted a hearing on his Motion to Re-Consider, for Relief from Judgment, or Alternatively, for Modification. However, the majority merely remands with instructions to consider the issue of child support. Since there was no hearing on all three motions, he should be granted a hearing on all of them, not a piecemeal review. I would go a step further and grant him a hearing on all three motions, and on all of the issues raised therein. Specifically, the chancellor should be required to correct the errors in the classification of assets, and review the property division, alimony, child support, and child custody in light of these corrections. Accordingly, I dissent.

¶16. In his Motion to Re-Consider, Thomas asks the court to amend the final judgment to, among other things, award custody of Laura to him, to end his child support payments to Sherrye, to require her to pay child support, and to "inquire into the facts and circumstances and negate any alimony payments." To address the award of alimony and child support, the courts must also inquire into the division of property. "All property division, lump sum or periodic alimony payment, and mutual obligations for child support should be considered together." *Ferguson v. Ferguson*, 639 So.2d 921, 928 (Miss. 1994).

¶17. The chancellor summarily denied all three motions, making no findings and hearing no further evidence, which makes it impossible for this Court to review the chancellor's decision. Thomas was therefore entitled to a full hearing where he could present his evidence into the record in support of his motions.

¶18. The majority concludes that the Court of Appeals was correct when it decided the issues of assets and alimony. In deciding these issues, the Court of Appeals held that the chancery court erred in classifying Thomas's law practice as a marital asset, and in valuing Sherrye's interest in the family trust at $40,000. The law practice is clearly not a marital asset subject to equitable distribution. *Guy v. Guy*, 736 So.2d 1042, 1044 (Miss.1999) (holding that professional degrees are not marital property). *Neville v. Neville*, 734 So.2d 352, 356 (Miss. Ct. App. 1999) (holding that this Court has never held a professional practice to be

a marital asset subject to equitable distribution). We should make a clear statement one way or the other on the status of professional practices in divorce proceedings.

¶19. It is also noted that the legislature has seen fit to protect this property from creditors, exempting it from seizure under execution or attachment. Miss. Code Ann. § 85-3-1 (2000). Sherrye's interest in the trust consists of a one-third remainder interest in the $600,000 corpus. As the Court of Appeals found, her mother has a life estate in the trust with the power to invade the corpus of the trust, and therefore, Sherrye's interest is too speculative to determine. I agree.

¶20. However, I disagree with the Court of Appeals and the majority's characterization of these errors as harmless. The error of including Thomas's practice with the marital assets was deemed to be "inconsequential, as Sherrye did not receive 50% of the marital assets even if one included the law practice." This is correct. If we disregard the value of the law practice, of the remaining marital property Sherrye was awarded approximately $139,000, and Thomas was awarded $145,000. Whether Sherrye received 50 percent of the marital assets, however, is not the standard for division of property in Mississippi. Mississippi follows an equitable distribution theory of property division, whereby the chancery courts are to use their equity power to do fairness to the parties, not to simply award a certain percentage of the marital assets. *Ferguson*, So.2d at 926. We have repeatedly held that in making an equitable division of the marital property, the chancellor is not required to divide the property equally. *Love v. Love*, 687 So.2d 1229, 1232 (Miss. 1997). *See also **Trovato v. Trovato***, 649 So.2d 815, 818 (Miss.1995) (holding that equal distribution of the property was an abuse of discretion when wife had contributed significantly more to the marital assets than the husband).

¶21. I would therefore remand this case for a hearing on all issues raised by Thomas in all three motions. In addition to reconsidering child support, the chancellor should re-evaluate the division of property, correcting the errors discussed herein. Thomas's law practice should not have been considered a marital asset, and Sherrye's remainder interest in the family trust should not be considered a personal asset, as its value is too speculative. We can not conclude that the assets were correctly divided where the chancellor classified the law practice as marital property, and based his decision in accordance with this classification. Accordingly, I dissent.

## PITTMAN, C.J., AND MILLS, J., JOIN THIS OPINION.

1. The Court of Appeals further stated that the proper style of the motion was Motion for New Trial, not a Motion to Reconsider. This is error. Aside from the fact that it is not the title which governs what a motion is, *see e.g., **Harcon Barge Co. v. D & G Boat Rentals, Inc.***, 784 F.2d 665, 669-70 (5th Cir.1986) (en banc), the caption "Motion for New Trial" is not proper for a request to alter or amend under Rule 59 or for a request for relief from judgment under Rule 60. With regard to a post-trial motion seeking a change in result where the trial was conducted without a jury, the caption Motion for Reconsideration is more descriptive than Motion for New Trial. It has been observed that, while such "reconsideration" is not mentioned in our rules, a motion seeking that relief is authorized under Rule 59(e). In *King v. King*, 556 So. 2d 716, 720 (Miss. 1990), Justice James L. Robertson, in a concurring opinion, discussed the issue as follows:

> Federal courts enforcing the identical Federal Rule 59(e) hold without exception that the rule empowers parties to ask for--and the court to consider--vacating a judgment or order, or setting it aside in its entirety. *See, e.g.*, *Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th

Cir.1988); ***A.D. Weiss Lithograph v. Illinois Adhesive Products Co.***, 705 F.2d 249, 250 (7th Cir.1983); ***Miller v. Leavenworth- Jefferson Electric Cooperative, Inc***., 653 F.2d 1378, 1380 (10th Cir.1981). Specifically, ***Huff v. Metropolitan Life Insurance Co.***, 675 F.2d 119, 122 (6th Cir.1982) found Rule 59(e) to authorize a "motion to reconsider" although the word "reconsider" may not be found in the rule. Under our own case law, we have held that our Rule 59(e) "empowers [a] lower court to reconsider [a] dismissal...." ***Ladner v. Quality Exploration Co.***, 505 So.2d 288, 291 (Miss.1987); *see also* 11 Wright & Miller, Federal Practice and Procedure S 2817, p. 111 (1973).

Finally, here, the motion was explicitly filed under Rule 60 which does not authorize a "Motion for New Trial."