53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 ALLOYD CO., INC., et al., Plaintiffs-Appellants,
v.
Arthur L. GUSTAFSON, Daniel R. McLean, and Francis I.
Butler, Defendants-Appellees.
 No. 92-2514.
 United States Court of Appeals, Seventh Circuit.
 April 28, 1995.
 
 Before BAUER, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1992 District Judge Williams dismissed the federal securities claim and relinquished supplemental jurisdiction of plaintiffs' claims under state law. We remanded the securities claim for further proceedings under Pacific Dunlop Holdings, Inc. v. Allen & Co., 993 F.2d 578 (1993), but the Supreme Court reversed in turn, holding that Sec. 12(2) of the Securities Act of 1933 does not apply to private offerings that are not accomplished by registration under Sec. 5 and accompanied by a prospectus under Sec. 10. See Gustafson v. Alloyd Co., 115 S.Ct. 1061 (1995).
 
 
 2
 The parties agree that the Supreme Court's decision removes any federal issue from the case. That normally leads a judge to dismiss state claims without prejudice, as Judge Williams did. Plaintiffs nonetheless ask us to remand the state claims in light of the proceedings that have occurred since our original order. But these proceedings are not before us. We have an appeal from Judge Williams's decision of 1992, not from the recommendations of a magistrate judge in 1994 or Judge Manning's oral statements in 1995. The only judgment in this case dismisses the complaint altogether: the federal claims with, and the state claims without, prejudice. That judgment is correct with respect to the federal claims (so the Supreme Court has established), and it is not an abuse of discretion with respect to the state claims. Our review is deferential, and the district court's discretion has not been abused; indeed, the judge followed the ordinary and preferred path. Olive Can Co. v. Martin, 906 F.2d 1147, 1153 (7th Cir.1990); Manor Healthcare Corp. v. Guzzo, 894 F.2d 919, 922 (7th Cir.1990). Plaintiffs observe that additional discovery has been taken; it can be put to good use in state court.
 
 
 3
 AFFIRMED.