**Ferdinand PICKETT, Plaintiff,**

v.

**PRINCE, Defendant.**

No. 94 C 4740.

United States District Court,
N.D. Illinois,
Eastern Division.

May 7, 1998.

John J. Lowery of Lowrey & Smerz, Ltd., Chicago, IL, for Plaintiff.

Steven F. Molo of Winston & Strawn, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's December 17, 1997 memorandum opinion and order ("Opinion") granted the Fed.R.Civ.P. ("Rule") 56 motion by Ferdinand Pickett ("Pickett") that had called for dismissal of the counterclaim of Prince Rogers Nelson ("Nelson") charging Pickett with the infringement of Nelson's recently registered copyright (the "Embellished Symbol Copyright"). That counterclaim ("July Counterclaim") had not been filed by Nelson until early July 1997, shortly after Nelson had first registered the Embellished Symbol Copyright with the Copyright Office (on June 27, 1997), having just received an assignment of rights from Elizabeth Schoening ("Schoening") dated June 20, 1997.

could recover damages for breach of the contract). Empress' argument is without merit.

On January 6, 1998 Nelson filed a motion for reconsideration of the Opinion, after which the parties submitted memoranda on the subject (a further memorandum from Nelson, followed by Pickett's memorandum in opposition). For the reasons stated in this memorandum opinion and order, Nelson's motion is denied.

### Forfeiture

■ In principal part Nelson now attempts to seize on the fact (though not at all mentioned by Nelson during the extensive briefing and other submissions on Pickett's Rule 56 motion, and hence not remarked by this Court in the Opinion) that July 5, 1997—the third anniversary of the date by which Nelson must be considered to have been on notice of Pickett's claimed infringement of the Embellished Symbol Copyright—fell on a Saturday, so that a July 7 filing of Nelson's Counterclaim would have been timely because of the operation of Rule 6(a).[1] But that argument fails as a matter of law because it simply comes too late: Nelson's failure to have advocated his present contention at the time that he should unquestionably have done so—when Pickett's motion for summary judgment on the Counterclaim was fully briefed and supported and ready for the decision that followed—constitutes a forfeiture of that argument, which must be viewed as a nonallowable afterthought at this point.

It scarcely need be said that Pickett's motion for summary judgment was thoroughly advanced by Pickett and thoroughly opposed by Nelson. Yet in all of that paper presentation, Nelson's *only* argument that he tendered to this Court on the subject of limitations was to plump for the relation back of his July-filed Embellished Symbol Counterclaim to the January 1997 date on which he had impermissibly presented a counterclaim ("January Counterclaim") for the infringement of a registered copyright *owned by someone else.* There was not even a whisper to suggest the argument that Nelson now proffers, an argument that would have rendered it totally irrelevant whether he was or was not entitled to have the July Counterclaim relate back to the filing date of the January Counterclaim under Rule 15(c).[2]

This Court has long applied the doctrine that emphasizes the extremely limited role that is played by motions to reconsider filed by losers in summary judgment proceedings (see, e.g., its opinion in *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D.Ill.1982)). And our Court of Appeals too has long adhered to that selfsame doctrine: see its opinion in *Keene Corp. v. International Fidelity Ins. Co.,* 736 F.2d 388, 393 (7th Cir.1984), not only affirming but expressly adopting this Court's statement on the subject.

Following that express adoption of *Keene,* the Court of Appeals has repeatedly quoted its language in applying the identical principle—see, e.g., such cases as *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985); *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d

1. That calculation is correct. Although Nelson did not present his motion for leave to file the Counterclaim until July 10, 1997 (this Court granted the motion on the same day), this District Court's 1996 amendment to its General Rule 12(D) had changed the "filing" date of a motion from its presentment date (which would have been out of time under any theory) to the date on which the notice of motion and motion were delivered to this Court's chambers—in this instance on July 7.

2. Indeed, Nelson had not one but two separate opportunities to present the argument that he tenders only now. After he had filed his original response to Pickett's Rule 56 motion for summary judgment on November 12, 1997, this Court instructed him to file something more responsive to Pickett's motion. That redraft was submitted on December 1, 1997. Yet neither submission even hinted at the argument that is now made for the first time, even though the need to do so was apparent from the beginning. Lest any doubt be entertained as to whether Nelson was fully aware of the limitations contention that he had to overcome, look at how Nelson's current Motion for Reconsideration at 1 itself characterizes the basis for Pickett's original Rule 56 motion:

> Pickett filed a Motion for Summary Judgment against the counterclaim filed by Defendant in July 1997 asserting that the statute of limitations for Defendant's claim against Pickett expired on July 5, 1997. Because Defendant did not move for leave to amend his counterclaim against Pickett until July 7, 1997, Pickett asserted that Defendant's counterclaim was time barred.

246, 251 (7th Cir.1987); *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996); and cf. such cases as *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 404 (7th Cir.1986) (citing to the *Keene* quotation, though not repeating it verbatim).

Indeed, *Publishers Resource,* 762 F.2d at 561 not only quoted *Keene* but in doing so specially emphasized this portion of the quotation, which is squarely applicable to the present case:

> Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Accord, such cases as *Manor Healthcare Corp. v. Guzzo,* 894 F.2d 919, 922 n. 4 (7th Cir.1990), quoting the same language that *Publishers Resource* had quoted from *Keene.*

There are of course powerful policy considerations, not just technical rules, that support such a consistently applied doctrine. Because a Rule 56 motion (unlike, say, a Rule 12(b)(6) motion) is really the equivalent of a trial—but one in which the movant asserts that there are no genuine issues of material fact that require a decision in factual terms— the loser should no more be entitled to adduce new facts or legal theories that were readily available earlier than a loser at trial can do so after the case is over and the verdict is in. That concept has been succinctly summarized by our Court of Appeals in *Caisse Nationale,* 90 F.3d at 1270, quoting another of this Court's opinions (*Employers Ins. of Wausau v. Bodi–Wachs Aviation Ins. Agency,* 846 F.Supp. 677, 685 (N.D.Ill.1994)):

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it."

Accord, such further cases as *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.,* 971 F.2d 1332, 1336–37 (7th Cir.1992).

Having totally failed to urge (as he readily could have) in response to Pickett's Rule 56 motion that his July Embellished Symbol Copyright Counterclaim was timely even without any application of the relation-back doctrine, Nelson cannot do so now. He then chose to live or die in terms of whether that July Counterclaim related back to Nelson's January Counterclaim (of which more later), and there is no reason to relieve him of that choice now. Nelson's newly-advanced argument as to the independent timeliness of the July Counterclaim has been waived or (more accurately, because waiver implies an intentional giving up of a legal right) has been forfeited and hence lost.[3]

### Non–Relation–Back

 Nelson's motion for reconsideration also repeats the argument that he made earlier that Rule 15(c) should come into play to relate the July Counterclaim based on his then-newly-acquired Embellished Symbol Copyright back to the date of filing of his aborted January Counterclaim. That contention is subject to a related principle that applies to motions for reconsideration: They are appropriate only where the court "has made an error not of reasoning but of apprehension" (a principle expressly recognized in Nelson's Supp. Mem. at 5). Here this Court plainly understood Nelson's relation-back argument—it simply rejected it on the merits. To ask this Court to take a fresh look at a fully briefed, argued and decided issue is to do what this Court decried in *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988):

> [T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.[4]

**3.** This Court is of course well aware that the Opinion, because it disposed of fewer than all of the claims in the action and was not the subject of a Rule 54(b) determination, is an interlocutory and not a final order. But that status goes only to the question whether this Court has the *power* to modify the Opinion, not whether it *should* do so. And the principles as to what *Nelson* should have done, but did not do, coupled with the

considerations addressed in the conclusion of this opinion, continue to guide that ruling.

**4.** This language too has found favor in a substantial number of opinions that have rejected attempts by a disappointed litigant to reassert the same arguments that were fully understood and rejected on the merits the first time around.

■ But even leaving that aside, Nelson has again mischaracterized the relationship between the January Counterclaim and the July Counterclaim. This was not a situation in which Nelson had initially sued Pickett for copyright infringement as such (remember that someone may have and bring suit upon a common law copyright even in the absence of a federal registration) and had then later amended his pleading to cover a newly-issued registration (remember also that different legal consequences flow from the infringement of a common law copyright and the infringement of a federally registered copyright). Nor was this a situation in which (as in the two cases on which Nelson again seeks to rely, cases that this Court expressly rejected in Opinion at 16–17) the copyright that was sought to be enforced in the earlier pleading was the *same* registered copyright that the later pleading also sought to enforce, and in which the assignment of that copyright to the plaintiff was allowed to relate back to cure a lack of standing that had blocked the original claim. As Opinion at 17 said, in this case Nelson had originally tried to sue on someone else's registration (in his January Counterclaim) and then abandoned that claim, seeking later (in the July Counterclaim) to sue on the totally new registration that he had obtained for himself in the meantime.

### Conclusion

Because this opinion has rejected Nelson's motion for reconsideration on grounds of principle rather than due to any lack of power to entertain it (see n. 3), this Court would be remiss if it did not say something further about Nelson's disentitlement to any special extension of discretion in his behalf. This protracted litigation has had a checkered history, notable primarily for the difficulties and delays ascribable to Nelson and his representatives (including the extraordinary problems encountered by Pickett in obtaining the needed discovery). In that light

it is particularly worth noting that Nelson, who has been represented by able counsel from the very outset and has been fully aware from the outset of the facts that he and his counsel now contend demonstrate copyright infringement by Pickett, did not respond to Pickett's own copyright infringement complaint with a retaliatory counterclaim on that basis (even his ill-conceived January Counterclaim) for fully 2–1/2 years after Pickett had first brought suit against Nelson.[5] And that was so even though Nelson's *first* responsive pleading back in September 1994 had not simply answered Pickett's pro se Complaint, but had advanced an entirely different counterclaim (one charging trademark infringement).

With that extraordinary (and wholly unexplained) delay in Nelson's beginning any copyright counterclaim efforts at all, and with his further delay in having addressed the fundamental flaw in his original proposed counterclaim, it is unsurprising that Nelson was carried to the very brink of the statute of limitations before he tendered the potentially viable July Counterclaim—and that delay has further added in a major way to Pickett's inability to bring his own claim to trial promptly. All of the factors that have been identified here contribute importantly to the determination that Nelson should not be relieved from the consequences of that wholly self-inflicted wound.

In sum, nothing in Nelson's post-Opinion filings calls for a result different from the conclusion reached earlier by this Court. Accordingly his motion for reconsideration is denied.

With this having been said, no other motions remain pending in this case, and it is more than time to plan for trial as swiftly as possible. This action is set for a next status hearing at 9:30 a.m. May 21, 1998, and counsel for the parties are directed to confer promptly during the interim period with a

---

5. If rather than being so long delayed (in principal part because of Nelson-created problems) this litigation had followed the average course of lawsuits assigned to this Court's calendar, it would have been over and disposed of well before Nelson got around to asserting his claim (only about 3% or less of the cases on this Court's calendar at any given time are over 3 years old—and on this Court's most recent computerized calendar printout, just 4% are over 2–1/2 years old).

view to the establishment of a final timetable at that status hearing.